CASE 53.—ACTION BY THE MAYSVILLE STREET RAILWAY
        & TRANSFER COMPANY AGAINST ISAAC THOMAS'
        ADMR.—January 26, 1910.

## Thomas' Admr v. Maysville Street Railway & Transfer Co.

Appeal from Mason Circuit Court.

C. D. NEWELL, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

Judgment—Satisfaction—Release of Joint Tort-Feasor.—Where
    plaintiff recovered judgment against two joint tort-feasors,
    and elected to collect his judgment against one of them,
    his cause of action was satisfied, and the other tort-feasor
    was released though the judgment against the other was
    larger than the one paid.

ALLEN D. COLE AND THOS. R. PHISTER for appellant.

WORTHINGTON & COCHRAN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Maysville Street Railway & Transfer Company operated street cars in Maysville, with electricity, which was furnished to it by the Maysville Gas Company by wires connecting its dynamos with the wires of the Street Railway Company. One of the live wires of the Street Railway Company, while thus charged with a high power of electricity, was suffered to hang down in the street, and Isaac Thomas, a negro boy, was killed by it. An action was brought by his administrator to recover for his death,

against both companies, on the ground that the loss of his life was due to the negligence of each. On the trial of the case, the circuit court, at the conclusion of the plaintiffs' evidence, instructed the jury peremptorily to find for the Gas Company; and, the case having been submitted to the jury as to the Street Railway Company, there was a verdict against it for $5,500. Judgment was entered accordingly. The administrator appealed from so much of the judgment as dismissed his action against the Gas Company; and on the appeal it was determined by this court that the peremptory instruction should not have been given, and the judgment was reversed. See Thomas' Adm'r v. Maysville Gas Co., 108 Ky. 224, 56 S. W. 153, 53 L. R. A. 147. The Street Car Company prosecuted an appeal from the judgment against it, and on this appeal the judgment against it was affirmed. See Maysville Street Car & Transfer Company v. Thomas' Adm'r, 60 S. W. 1129, 22 Ky. Law Rep. 1645. On the return of the case to the circuit court after its reversal in this court as to the Gas Company, it was, after some further preparation, tried again, this trial resulting in a verdict and judgment against the Gas Company in the sum of $5,000. The Gas Company appealed to this court with supersedeas, and the judgment was affirmed with damages. See Maysville Gas Co. v. Thomas' Adm'r, 75 S. W. 1129, 25 Ky. Law Rep. 403.

After the judgment was affirmed by this court the surety in the supersedeas bond paid it off, and, as he was allowed to do under the statute, took an assignment of the judgment; the plaintiff executing to him the following: " A. M. J. Cochran, having this day paid off in full the judgment of the Mason circuit court, rendered on the 19th day of June, 1902, in the

case of S. P. Perine, Admr. of Isaac Thomas, deceased, v. Maysville Gas Company, which judgment, together with the cost in the Mason circuit court and the costs in the Court of Appeals of Kentucky, and interest and damages, amount to the sum of $6,-067.52, the said judgment is now assigned, transferred and delivered to the said A. M. J. Cochran, who is the surety of said Maysville Gas Company on the supersedeas bond executed by it on the appeal from said judgment." After the plaintiff had thus received satisfaction of his judgment against the Gas Company, he took out an execution on the judgment against the Street Railway & Transfer Company, and levied the execution upon certain personal property belonging to that company. It then brought this suit, setting up the facts we have stated, and obtained an injunction enjoining him from proceeding to collect the judgment against it. The circuit court on final hearing having perpetuated the injunction, the plaintiff appeals.

In Black on Judgments, Sec. 782, the rule on the subject is thus stated: "The plaintiff can have but one satisfaction for a joint wrong. And therefore if he recovers a judgment against one of the joint tort-feasors, and obtains satisfaction, that operates as a discharge of the others." To the same effect, see note Abb v. N. P. R. R. Co., 92 Am. St. Rep. 855; Freeman on Judgments, Sec. 236; 17 Am. & Eng. Encyc. 865; 23 Cyc. 1494. The rule as above quoted was recognized by this court in Sodousky v. McGee, 4 J. J. Marsh, 269; and in United Society of Shakers v. Underwood, 11 Bush 265, 21 Am. Rep. 214, the court, after considering at length the authorities on the subject, said: "It thus appears that while the plaintiff may maintain separate actions and recover

separate judgments against joint trespassers, and may elect to take the largest sum assessed or to proceed against the solvent defendant, or, in case no one of them is able or can be compelled to pay the whole judgment rendered against him, may accept part satisfaction from one and still look to the others for such balance as may be necessary to give him full legal compensation for the wrong suffered, yet ordinarily, when he has made his election, he will be concluded by it. His right of action against the other co-trespassers was not barred, nor his claim against them extinguished, by his voluntary action in the premises, but when he determined to enforce the first judgment, and did make it productive, he elected to accept the amount assessed as damages as full compensation for the injury of which he complains, and to treat said judgment and his other collateral concurrent remedies as securities for a claim, the amount of which had been rendered certain by judicial action. To this conclusion it may be objected that the wrongdoers who were not parties to the first action are not bound by the assessment of the value of the bonds converted. This is true, but in such a case the plaintiff may, if he choose, decline to enforce his first judgment and leave the question of the amount to which he is entitled an open one until he sues and recovers against all who are liable to him, and then elect which judgment he will enforce.'' The rule thus stated was recognized in Louisville & Evansville Mail Co. v. Barnes, 117 Ky. 870, 79 S. W. 262 (64 L. R. A. 574, 111 Am. St. Rep. 273), where the court said: ''It is a universal rule of law that joint tort-feasors are jointly and severally liable to the injured party. He may sue any one or all, at his elec-

tion; but, when he once receives satisfaction for the injury done him from one or more of the tort-feasors, he is barred from proceeding against the other joint tort-feasors.''

When the plaintiff collected the amount of his judgment against the Gas Company from the surety in the supersedeas bond, he accepted satisfaction of the judgment. He no longer has a judgment against the Gas Company, for the benefit of it has been assigned to the surety. It is earnestly maintained for him that he may credit the amount so collected on his judgment against the Street Railway & Transfer Company; that he was entitled to collect from the Street Railway & Transfer Company the full amount of the judgment against it, and it will not be prejudiced in any way if this judgment is credited by what he has collected from the Gas Company. There is apparent force in this, but the great weight of authority is otherwise, and cogent reasons support the rule. The plaintiff's cause of action was merged in his judgment. When his judgment was satisfied his cause of action was at an end. To allow him to maintain an action upon a cause of action which is satisfied would be an anomaly. He had his election whether he would collect the judgment against the Gas Company or the judgment against the Street Railway Company. He could not collect both. He made his election, and thus satisfied his cause of action. If the plaintiff has a joint cause of action for a tort against A., B., C., and D., and obtains a judgment against A. which he collects, to allow him, while holding this money, to proceed against B., C., and D. in the hope that he might obtain a larger judgment against one of them, and thus collect the excess, when he would lose nothing if his recovery was smaller, would be to extend

greatly this class of litigation, and ignore the maxim that it is to the interest of all that litigation should end.    It is a sound rule of public policy that the plaintiff who has in his pocket one complete satisfaction of his cause of action shall not, while retaining this, litigate the cause of action further.

We attach no importance to the fact that the instructions given by the court on the trial of the case against the Street Railway Company were different from those given on the trial of the case against the Gas Company.    On the first trial the court did not give an instruction allowing punitive damages; on the second trial he did give such an instruction, but notwithstanding this, on the second trial the verdict was for $500 less than the first.    The cause of action was the same on both trials.

Judgment affirmed.