EDWARD IRWIN, APPELLEE, v. JETTER BREWING COMPANY, APPELLANT.

FILED JUNE 2, 1917. No. 19257.

1. **Judgment: SATISFACTION.** Where the plaintiff has recovered more than one judgment for the same injury against persons jointly and severally liable to him therefor, the acceptance of satisfaction of any one of them by the plaintiff is a satisfaction of all the others, except the costs, and is a bar to any other action for the same cause.

2. **Appeal: PLEA IN ABATEMENT.** This court has jurisdiction to entertain a plea in abatement by reason of matters happening after the appeal to this court has been perfected.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Remanded, with directions.*

*Mahoney & Kennedy* and *Yale C. Holland,* for appellant.

*William R. Patrick* and *C. J. Southard, contra.*

CORNISH, J.

The plaintiff in this action recovered judgment against Gould & Son, contractors, for injuries received in an accident in the construction of a building for defendant. Afterwards he commenced this action against defendant, owner

of the real estate, for the same injury, on the statutory ground making the owner jointly and severally liable with the contractor for injuries received, and recovered the judgment appealed from. Pending this appeal, the plaintiff accepted payment of his judgment against Gould & Son, in full satisfaction thereof, as shown by the records in that case. Defendant made a showing of these facts and the further fact that it had commenced action in equity for the cancelation of the judgment in this action. It asked that the hearing be delayed until the hearing of the action in equity referred to, which it alleged would render further hearing of the action in this court unnecessary. This court entered the order that this action would be heard when reached, without prejudice, however, to the right of the defendant to a showing upon the final hearing that the damages had been paid.

Not disputing these facts, plaintiff contends that defendant's remedy is by injunction, and that this court has not jurisdiction to entertain this sort of a plea. He argues that judgment in this cause is subject only to reduction in the amount of the other judgment, and that in any event the defendant must pay the costs of this action.

We are of opinion that it is among the inherent powers of a court having jurisdiction of a cause on appeal to entertain a plea in abatement by reason of matters happening after the appeal has been perfected. *Shold v. Van Treeck,* 88 Neb. 80. Why should further hearings be had when indisputably the action itself is at an end and the controversy should cease?

The satisfaction by the plaintiff of the judgment obtained by him against Gould & Son operates as a satisfaction of the judgment obtained in this action, except costs up to the time that the judgment was satisfied. The rule is universal in this country that, where a party is injured by joint tort-feasors, or persons jointly and severally liable for the wrong, he may at his election sue separately one or both, and may recover judgment against each, but he is entitled to but one satisfaction for the injury done him.

*Bryant v. Reed,* 34 Neb. 720; *Fitzgerald v. Union Stock Yards Co.,* 89 Neb. 393; *Sessions v. Johnson,* 95 U. S. 347; 2 Black, Judgments (2d ed.) secs. 780, 782.

This cause is remanded to the district court, with directions that the same be dismissed on payment by defendant of the costs made up to April 29, 1916.

JUDGMENT ACCORDINGLY.