A trial by jury of the issues of fact raised by the pleadings in this action was expressly waived by the parties, who agreed upon the facts as follows:
"1. This is an action to quiet title brought by the plaintiffs Carter Dalton, trustee of Perley A. Thomas Car Works, Inc., and Perley A. Thomas Car Works, Inc., against the defendants John C. Strickland, guardian of Virginia Hunt, a minor, and Mrs. Nellie Hunt Adams, widow of R. D. Hunt.
"2. The administrator of the estate of R. D. Hunt, deceased, G. W. Bennett, instituted an action in the Superior Court of Guilford County in 1923 to recover damages from Perley A. Thomas Car Works, Inc., and Perley A. Thomas, individually, for the alleged wrongful death of R. D. Hunt, deceased.
"3. A consent judgment was entered in the above-mentioned action on 4 June, 1923, before M. W. Gant, former clerk of the Superior Court of Guilford County, providing that `the plaintiff recover of the defendants the sum of $9,000, the said sum of $9,000 to be paid in monthly installments of $75.00 each,' said judgment being docketed in Book of Judgments R, at page 131, a copy of same being hereto attached, marked `Exhibit A,' and made a part of this agreed statement of facts. *Page 28 
"4. On 24 July, 1924, G. W. Bennett filed a final account of his administration of the estate of R. D. Hunt, deceased, with the clerk of the Superior Court of Guilford County, and was on that day duly and regularly discharged as administrator of said estate. This final account did not show any payments on the aforesaid judgment as having been received by the administrator.
"5. Mrs. Nellie Hunt Adams, widow of R. D. Hunt, deceased, and Virginia Hunt, minor, daughter of R. D. Hunt, deceased, are the only surviving heirs of the said R. D. Hunt, and are therefore the sole owners of the aforementioned judgment. John C. Strickland, guardian of Virginia Hunt, minor, is the owner of a two-thirds interest in said judgment, and Mrs. Nellie Hunt Adams is the owner of a one-third interest in said judgment.
"6. Perley A. Thomas Car Works, Inc., from 29 June, 1923, to 1 October, 1930 paid to M. W. Gant, former clerk of the Superior Court of Guilford County, a total of 84 payments of $75.00 each, amounting in the aggregate to $6,300, plus $5.55 court costs, to pay in part the aforesaid judgment.
"7. The said Perley A. Thomas Car Works, Inc., has in its possession canceled checks for each of said payments, and all of them were made and received as payments on said judgment. All bear the endorsement of M. W. Gant, clerk Superior Court of Guilford County, and all were deposited to the credit of said clerk, and so credited, $5,630.55 of the total amount being deposited in the Atlantic Bank and Trust Company, and $675.00 in the North Carolina Bank and Trust Company. Only seven of these payments of $75.00 each, or a total of $525.00, appear on the judgment docket as having been received by the said M. W. Gant, the entries of said payments having filled the space provided therefor. No reference to any other book or account was made by the said M. W. Gant on the judgment docket in his office.
"8. On 9 October, 1930, a number of shortages and misappropriations were discovered in the office of the said M. W. Gant, clerk of the Superior Court of Guilford County, and he was on that day disqualified from holding said office. On or about 15 November, 1930, a State court receiver was appointed for the said M. W. Gant. This receiver acted until on or about 16 April, 1931, at which time the said M. W. Gant was adjudged a bankrupt, and all of his estate is still in the hands of the bankrupt court. On 10 October, 1930, by appointment, A. Wayland Cooke duly qualified as clerk of the Superior Court of Guilford County, and since that time has acted in that capacity.
"9. Perley A. Thomas Car Works, Inc., and Carter Dalton, trustee, paid the remainder of said judgment, amounting in the aggregate to $2,700, to A. Wayland Cooke, present clerk of the Superior Court of *Page 29 
Guilford County, who qualified for said office following the removal of M. W. Gant as clerk. It appears from the Trust Account Book No. 1, at page 4, that this amount ($2,700) was duly received by A. Wayland Cooke, clerk of the Superior Court of Guilford County, and was properly disbursed by him, but no record of said payments is shown on the judgment docket in his office, the space for entries of such payments having been completely filled, said docket, however, referring to said trust book account.
"10. Virginia Hunt, minor, had no general or testamentary guardian prior to 28 August, 1931. On 28 August, 1931, John C. Strickland duly qualified as general guardian of Virginia Hunt, and since that time has received from A. Wayland Cooke, clerk of the Superior Court of Guilford County, two-thirds of each payment made to said clerk of the Superior Court by Perley A. Thomas Car Works, Inc., on aforesaid judgment. No question arises in this case as to Mrs. Nellie Hunt Adams. She has duly received her one-third share of each payment made to M. W. Gant and A. W. Cooke on said judgment.
"11. The only question in this action concerns the $4,200 paid by the Perley A. Thomas Car Works, Inc., to M. W. Gant, former clerk of the Superior Court of Guilford County, and being the share of said sum of $6,300 which should have gone to Virginia Hunt, minor, no part of which has ever been received by Virginia Hunt, minor, or anyone in her behalf, except $1,260 received by John C. Strickland, guardian of Virginia Hunt, from the trustee in bankruptcy of M. W. Gant.
"12. John C. Strickland, as guardian of Virginia Hunt, filed a claim with the trustee in bankruptcy of M. W. Gant for the said sum of $4,200, which was never received by her or by her guardian. The said trustee has paid a dividend of thirty per centum on all claims filed and allowed, and the said John C. Strickland, guardian, has received from the said trustee in bankruptcy the sum of $1,260 on the aforesaid claim. The remainder of the claim, amounting to the sum of $2,940, is due and owing to the person or persons entitled thereto.
"13. The defendants in this action refuse to satisfy and cancel said judgment unless and until the plaintiffs pay to the said John C. Strickland, guardian of Virginia Hunt, the aforesaid sum of $2,940, with interest thereon at the rate of six per centum per annum from 1 July, 1923, claiming said sum to be a valid lien upon the real estate of the plaintiffs.
"The plaintiffs contend that on the above facts agreed they are entitled to have said judgment canceled and marked `Satisfied' on the judgment docket in the office of the clerk of the Superior Court of Guilford County." *Page 30 
On the foregoing statement of facts agreed, it was considered, ordered, and adjudged by the court, on the authority of Gilmore v. Walker,195 N.C. 460, that the plaintiffs herein are liable for the payment of the balance due on the judgment in the action entitled "G. W. Bennett v.Perley A. Thomas Car Works, Inc., et al.," duly docketed on the judgment docket in the office of the clerk of the Superior Court of Guilford County, to wit: The sum of $2,940, less two-thirds of the seven payments aggregating the sum of $525.00 mentioned in the statement of facts agreed, or a total of $2,590, with interest from 1 July, 1923, and the costs of this action.
The plaintiffs excepted to the foregoing judgment, and appealed to the Supreme Court.
The question presented by this appeal is whether a payment made by a judgment debtor to the clerk of the Superior Court in whose office the original judgment is docketed, on the judgment, is good and available to the party making the payment, and against the owner of the judgment, where the clerk has failed to enter the payment on the judgment docket, as he is required to do by the statute.
C. S., 617, is as follows: "The party against whom a judgment for the payment of money is rendered by any court of record may pay the whole, or any part thereof, to the clerk of the court in which the same was rendered, at any time thereafter, although no execution has issued on said judgment; and this payment of money is good and available to the party making it, and the clerk shall enter the payment on the judgment docket."
We are of opinion that where a payment has been made as authorized by the statute, such payment is good and available to the party making it and against the owner of the judgment, although the clerk fails to enter the payment on the judgment docket. It is the duty of the clerk, as provided by the statute, to enter the judgment on the judgment docket, and both he and the surety on his official bond are liable to the owner of the judgment for any loss which such owner has suffered by reason of the failure of the clerk to perform his statutory duty, or to account to such owner for the payment. The statute imposes no duty on the party making the payment to the clerk to make or to require the clerk to make an entry on the judgment docket. The effect of the statute is to make the clerk the statutory agent of the owner of the judgment, and not of the party making the payment. *Page 31 
The third question presented in Gilmore v. Walker, 195 N.C. 460,142 S.E. 579, was correctly decided on the facts in that case. That decision is not an authority in support of the judgment in the instant case. In that case the judgment debtor had paid the amount of the judgment which was docketed against him, and was a lien on his land, to the clerk of the court, who failed to enter the payment on the judgment docket or to account to the judgment creditor for the amount of the payment. The judgment debtor paid the amount of the judgment to the judgment creditor, who thereupon canceled the judgment. This left in the hands of the clerk the sum of money which the judgment debtor had paid him under the provisions of C. S., 617. The judgment creditor, whose judgment had been paid by the judgment debtor, was manifestly not entitled to the money. On these facts it was correctly decided that the judgment debtor was entitled to the money, and that both the clerk and the surety on his official bond were liable to him.
In accordance with this opinion, the judgment in this action is Reversed.