In the Matter of ANNA SARINE et al., Judgment Creditors, against CHARLES J. MAHER, Judgment Debtor.

Supreme Court, Special Term, Queens County, May 21, 1946.

*Herbert M. Bullington* and *Harry J. Macklis* for judgment creditors.

*Aaron Benenson* for judgment debtor.

HALLINAN, J. Motion by judgment creditors for an order punishing judgment debtor for contempt for violation of the injunction contained in an order in supplementary proceedings together with costs, counsel fees and expenses, and such other and further relief as may be proper.

Heretofore on December 28, 1937, a judgment in the sum of $1,428.24 was entered against one William Maher, a brother of the judgment debtor herein, for negligence in the operation of the judgment debtor's automobile. While that judgment remained unsatisfied the judgment creditors commenced another action against the judgment debtor, who failed to appear therein, and they recovered a judgment in the sum of $4,172.74 which is the subject of this supplementary proceeding. This judgment was recovered against this judgment debtor because of his statutory liability as a vehicle owner for the negligence of one who drives with his permission (Vehicle and Traffic Law, § 59). Thereafter the judgment against the operator was satisfied of record. The satisfaction piece was mailed with a letter which attempted to reserve the judgment creditors' rights against this judgment debtor.

When the operator of an automobile is negligent he and the owner are joint tort-feasors and as such are jointly and severally liable. They can be sued either jointly or severally, but if a recovery is had in each case, the satisfaction of one judgment would satisfy the other (*Foy* v. *Barry,* 159 App. Div. 749). Payment of one judgment operates to satisfy all. "All authorities agree that there may be but one satisfaction. It matters not whether that satisfaction be accomplished with or without the acquiescence of the judgment creditor." (*Sarine* v. *American Lumbermen's Mutual Casualty Co.,* 258 App. Div. 653, 655.) The judgment creditors' attempt to reserve their rights as against this judgment debtor was ineffectual. In *McTigue* v. *Levy* (260 App. Div. 928) the court said: "While as a general proposition, release of one joint tort feasor with reservation of rights against another joint tort feasor will not discharge such other joint tort feasor (*Gilbert* v. *Finch,* 173 N. Y. 455, 460; *Milks* v. *McIver,* 264 id. 267, 269; *Whittemore* v. *J. L. &*

*S. O. Co.,* 124 id. 565, 573), such principle has no application to the facts here. Satisfaction of a judgment recovered against one joint tort feasor operates as a discharge for all. (*Milks* v. *McIver, supra; Gray* v. *Fogarty,* 237 App. Div. 855; Civ. Prac. Act, § 112-a; *Russell* v. *McCall,* 141 N. Y. 437, 455; *Matter of Parchefsky* v. *Kroll Bros., Inc.,* 267 id. 410, 414; *Collins* v. *Smith,* 255 App. Div. 665.) The intention or reservation with which the plaintiff executed the satisfaction of the judgment does not alter the legal effect of such delivery."

Proceedings supplementary to judgment " may be maintained until such judgment is *satisfied,* vacated or barred by the statute of limitations." (Civ. Prac. Act, § 773.) (Emphasis supplied.)

Since this judgment is satisfied by operation of law because of the satisfaction of the judgment obtained against the operator of the automobile involved, it would appear that there is no basis for supplementary proceedings against this judgment debtor. It is unnecessary, therefore, to pass upon the other questions raised and the motion is denied, with $25 costs, payable in cash to the judgment debtor's attorney (Civ. Prac. Act, § 803).

Submit order.