FRED J. BOWEN v. IOWA NATIONAL MUTUAL INSURANCE COMPANY.

(Filed 20 June, 1967.)

1. **Judgments § 47—**

Payment of the amount of the judgment to the clerk of the Superior Court satisfies the judgment, since the clerk is the statutory agent of the owner of the judgment and not of the party making the payment. G.S. 1-239.

2. **Torts § 2—**

The actual tort-feasor and the party sought to be held liable for the tort solely under the doctrine of *respondeat superior* are not joint tort-feasors in the technical sense, since the employer's liability is derivative only and not predicated on any wrongful act on his part.

3. **Torts § 1; Master and Servant § 32; Judgments § 29—**

Even though separate judgments against the employer and the employee may be obtained by the injured party for a tort committed by the employee in the course of his employment, there may be only one satisfaction for the injury, and payment of one judgment extinguishes the other.

4. **Same; Automobiles § 52—**

The driver of one vehicle involved in a collision obtained judgment against the other driver. In another action instituted in another county, the first driver and his employer obtained judgment in a smaller amount against the owner of the second vehicle under the doctrine of *respondeat superior*, and this judgment was satisfied by payment into court of the amount of the recovery. *Held:* The payment by the employer of the second judgment extinguished the liability of its employee under the first judgment, particularly when the first driver rejected a settlement of the first judgment and elected to pursue his action against the employer.

APPEAL by plaintiff from *Gambill, J.,* May 1966 Session of FORSYTH. Docketed and argued as Case No. 441, Fall Term 1966, and docketed as Case No. 441, Spring Term 1967.

Civil action by plaintiff, a judgment creditor of Johnny C. Shipp, to recover on an automobile liability insurance policy issued by defendant covering A & B Trucking Company, Inc., and its employees.

The parties waived a trial by jury, and the case was heard upon an agreed statement of facts. We summarize so much of the agreed statement of facts as is necessary for a decision, the numbering of the paragraphs being ours:

(1) On 21 June 1961 a collision occurred between a tractor-trailer owned by P. H. Hanes Knitting Company, hereafter called Knitting Co., and driven by plaintiff Fred J. Bowen, and a 1958 Ford truck owned by A & B Trucking Co., Inc., hereafter called Trucking Co., and driven at the time by Johnny C. Shipp, who was driving said truck as an agent of Trucking Co. within the scope of his employment.

(2)  At the time of said collision the defendant, Iowa National Mutual Insurance Company, hereafter called Iowa, had in force and effect an automobile liability insurance policy covering Trucking Co. and Shipp. A true copy of said policy of insurance is attached to the answer filed by Iowa and made a part thereof.

(3)  On 1 September 1961 Bowen instituted a civil action for personal injuries against Shipp in Forsyth County Superior Court, and process was duly served upon Shipp. Shipp failed to notify Trucking Co. or Iowa of said action, and failed to file answer or otherwise plead within the time allowed by law, and a judgment by default and inquiry was entered against him. This case was tried before a judge and jury on 12 December 1961, and the jury answered the issues of negligence and contributory negligence in favor of Bowen, and awarded him damages in the amount of $15,000. Judgment was entered upon the verdict. Neither Shipp, Trucking Co., nor Iowa had actual notice of or was present at said trial. No appeal was taken from the judgment.

(4)  On 2 February 1962 Shipp filed a motion in the Superior Court of Forsyth County to set aside the judgment on the grounds of mistake, inadvertence, and excusable neglect, and also filed an amended motion to the same effect on 4 April 1962. On 18 May 1964 Bowen filed a motion in the Superior Court to dismiss the motions of Shipp. On 20 May 1964 an order dismissing the motions of Shipp was entered as appears of record, and no appeal was taken therefrom. On 2 February 1966 Shipp filed a new motion to vacate said judgment on the ground that it is void because entered on an unverified complaint. This motion was denied by order entered on 10 June 1966, and no appeal was taken therefrom.

(5)  On 4 June 1964 the present action was instituted by the plaintiff Bowen against the defendant Iowa to recover of defendant the sum of $15,000 with interest from 12 December 1961, the amount of the judgment entered in the Superior Court of Forsyth County on 12 December 1961 in favor of Bowen against Shipp.

(6)  On 3 August 1961 Trucking Co. instituted a civil action against Bowen and Knitting Co. in the Superior Court of Cabarrus County for recovery of property damages arising out of the aforesaid collision between its trailer-truck and the 1958 Ford truck owned by Trucking Co. This was the same collision which was the subject of the civil action instituted by Bowen against Shipp in the Superior Court of Forsyth County on 1 September 1961. On 31 August 1961 Bowen filed an answer and counterclaim for $25,000 against Trucking Co. in this action for personal injuries allegedly sustained in said accident, and alleged negligence on the part of Shipp as the proximate cause of his injuries, and alleged that Truck-

ing Co. was liable for the negligence of Shipp on the doctrine of *respondeat superior.* This Cabarrus County action was tried at the February 1963 Civil Session of Cabarrus, and a jury answered the issues in favor of Bowen and Knitting Co. on their counterclaims, and awarded Bowen damages in the amount of $2,464 for personal injuries, and awarded Knitting Co. the sum of $5,072.87 for its counterclaim for property damage to its tractor-trailer. Judgment was entered on the verdict. True copies of the pleadings and judgment in this action are attached to the answer filed by Iowa.

(7) On 29 April 1963 Iowa, defendant in the present action, paid into the office of the clerk of the Superior Court of Cabarrus County, by virtue of its liability insurance policy issued to Trucking Co., the amount of said judgment. On 31 May 1963 the clerk of the Superior Court of Cabarrus County disbursed to Pierce, Wardlow, Knox and Caudle, the attorneys of record for Bowen and Knitting Co., the amount of said judgment and costs in payment and satisfaction of the judgment entered in the Cabarrus County action in favor of Bowen and Knitting Co. A true copy of the certificate of satisfaction of judgment in this action, signed by the assistant clerk of the Superior Court of Cabarrus County, is attached thereto.

(8) Iowa carried a standard automobile liability insurance policy covering Shipp and his employer, Trucking Co., which was in effect at the time of the aforesaid collision with limits of liability of $50,000 for each person injured, $100,000 for each accident, and $25,000 property damage liability for each accident. Among other things, said policy provided as follows:

> "(b) (2) pay all expenses incurred by the Company, all costs taxed, against insured in any such suit and all interest accruing after entry of judgment until the Company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon. . . ."

(9) By letter dated 7 June 1962, prior to the trial of the Cabarrus County action, and prior to the institution of the present action, Iowa through its attorney tendered for a ten-day period to Fred S. Hutchins, Sr., as attorney for Bowen, the amount of $5,000 in settlement of the Forsyth County judgment in favor of Bowen against Shipp. This tender was not accepted by Bowen.

Plaintiff and defendant agreed that the following two paragraphs state facts, but defendant contends that they are irrelevant and immaterial, which facts are summarized as follows:

(10) Liberty Mutual Insurance Company, hereafter called Liberty, also carried (1) a standard automobile liability policy on the

truck of Knitting Co. involved in said wreck, and (2) also a Workmen's Compensation policy covering the employees of Knitting Co. as provided by law. Liberty retained attorneys to defend the action brought by Trucking Co. in Cabarrus County against Knitting Co. and Bowen.

(11)   After the judgments in favor of Knitting Co. and Bowen, in the Cabarrus County action, were paid into the Superior Court of Cabarrus County, but before said amounts were disbursed by the clerk, Lloyd C. Caudle, a member of the firm of Pierce, Wardlow, Knox and Caudle, the attorneys of record for Bowen and Knitting Co., being on notice of a subrogation interest of Liberty for compensation and medical expenses paid on behalf of Bowen, filed a petition with the North Carolina Industrial Commission stating that Bowen had obtained a judgment in his favor in the Cabarrus County action and setting forth the subrogation claim of Liberty, and sought an order of disbursement. An order was entered by the North Carolina Industrial Commission directing that the recovery by Bowen in the Cabarrus County action be distributed by paying to Liberty $2,440 in satisfaction of its subrogation rights under the provisions of G.S. 97-10.2(f) (1)c, and by paying the sum of $23.39 to Bowen. Subsequent to said order and before any funds were disbursed, Liberty filed an amended petition alleging a subrogation right in the amount of $2,818.61 instead of $2,440.61. An amended order was thereupon entered by the North Carolina Industrial Commission ordering that the full amount of $2,464 be paid to Liberty by virtue of its subrogation right; and further ordering that attorney's fees in that case were to be paid by Liberty out of the recovery, not to exceed one-third thereof. Thereafter, the sum of $2,464 was disbursed to Attorney Caudle in satisfaction of the judgment in favor of Bowen on his counterclaim against Trucking Co., and Attorney Caudle paid said amount to Liberty. Bowen did not receive any portion of said amount.

(12)   Bowen did not sign the said answer and counterclaim in the Cabarrus County suit, and did not sign the petition to the North Carolina Industrial Commission for distribution of said recovery, but he was present at and testified in the Cabarrus County action. He did not know until later that the judgment had been paid and that the Industrial Commission had awarded said recovery to Liberty. No appeal was taken from the Cabarrus County judgment, and no exception was taken by Bowen to the acceptance of payment of said judgment and to the distribution of the proceeds pursuant to an order of the Industrial Commission.

The agreed statement of facts sets forth that the parties make the following contentions:

I. Bowen contends that the defendant owes him at least $5,000 plus interest on $15,000 since 12 December 1961 until paid, plus costs.

II. Defendant contends: (a) That the satisfaction of plaintiff's Cabarrus judgment by the defendant constitutes a bar to the present action; and plaintiff is thereby estopped from asserting any further claims against the defendant for injuries arising out of the accident in question; (b) that if the Cabarrus judgment is not a bar to the present action, that the maximum amount which the plaintiff can recover is the difference between $5,000 and the amount paid in satisfaction of the Cabarrus judgment; and (c) that in any event plaintiff is not entitled to a recovery of interest on the Forsyth judgment.

Based upon the agreed statement of facts, the court made the following conclusions of law: (1) The Forsyth County action brought by Bowen against Shipp was grounded on the same alleged acts of negligence on the part of Shipp as those contained in the counterclaim of Bowen in the Cabarrus County action; and the Forsyth County action sought recovery for the same injuries as those alleged in the Cabarrus County action; that the liability of Trucking Co. in the Cabarrus County action was based solely on its responsibility for the negligence of its agent Shipp, under the doctrine of *respondeat superior.* (2) The plaintiff is estopped from recovering in the present action by virtue of the prosecution of his counterclaim by him in the Cabarrus County action, the reduction of that claim to judgment, the payment of that judgment by defendant, and the acceptance of satisfaction of that judgment by the plaintiff, which judgment and satisfaction of judgment constitutes a bar to recovery by the plaintiff in the present action. (3) The court is of the opinion that plaintiff is not entitled to recover more "by entering the back door unannounced than he did by entering the front door after being properly introduced." (4) The plaintiff is entitled to recover nothing of the defendant in this cause.

Based upon the agreed statement of facts and his conclusions of law, the trial judge ordered and decreed that plaintiff recover nothing of defendant; that plaintiff's action be dismissed; and that the costs of the action be taxed against the plaintiff.

From this judgment, plaintiff appeals.

*Deal, Hutchins and Minor by Roy L. Deal and Fred S. Hutchins for plaintiff appellant.*

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by R. M. Stockton, Jr. and J. Robert Elster for defendant appellee.*

PARKER, C.J. The payment of the judgment in the Cabarrus County action in favor of Bowen and Knitting Co. against Trucking Co. was authorized by G.S. 1-239, and discharges the judgment. 3 Strong's N. C. Index, Judgments, § 47, p. 68. "The effect of the statute (C.S. 617, now G.S. 1-239) is to make the clerk the statutory agent of the owner of the judgment, and not of the party making the payment." *Dalton v. Strickland,* 208 N.C. 27, 179 S.E. 20.

Bowen in the present action seeks to reach and apply to the payment of the judgment in the Forsyth County action in which Shipp, the agent of Trucking Co., was the defendant, the obligation of Iowa under its policy of automobile liability insurance, when Iowa has paid and discharged, by virtue of its obligation under this insurance policy, the judgment in the Cabarrus County action, in which Bowen recovered damages on his counterclaim for personal injuries against Shipp's principal, Trucking Co., a cause of action arising out of the same collision in which he recovered damages, which are unpaid, against the principal's agent Shipp.

The question here presented is whether the payment or satisfaction of plaintiff's Cabarrus County judgment against Trucking Co., the principal, on his counterclaim in the sum of $2,464 for personal injuries received by Bowen in the collision on 21 June 1961, entered at the February 1963 Civil Session of Cabarrus County, and paid by Iowa on 29 April 1963 operates as a satisfaction and a bar to Bowen's present action against Iowa to enforce payment of his judgment entered in his case in Forsyth County on 12 December 1961 for $15,000 for personal injuries against Shipp, the agent of Trucking Co., received in the same collision.

In the Cabarrus County action and in the Forsyth County action, there was a single tort: the negligence of Shipp as agent in operating the Ford truck of Trucking Co., his principal. The liability of Trucking Co. was based not on any personal fault, for there was none on the present record, but on the agency relationship which existed between Trucking Co. and its negligent agent Shipp. Trucking Co.'s liability was derivative and dependent entirely on the doctrine of *respondeat superior.* Because of this liability of the principal, it has been sometimes broadly assumed that the master was guilty of a tort in a personal sense. This is contrary to fact. In the case of joint tort-feasors, although there is a single damage done, there are several wrongdoers. The act inflicting injury may be single, but back of that, and essential to liability, lies some wrong done by

each tort-feasor contributing in some way to the wrong complained of. It is said in *White v. Keller,* 242 N.C. 97, 86 S.E. 2d 795: "Joint tort-feasors are those who act together in committing a wrong, or whose acts, if independent of each other, unite in causing a single injury." See *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126; 86 C.J.S., Torts, § 34, "Joint and Several Liability." Although the principal is responsible for the tort of his agent under the doctrine of *respondeat superior,* there was nothing in the present situation fairly comparable to that of joint tort-feasors. *McNamara v. Chapman,* 81 N.H. 169, 123 A. 229, 31 A.L.R. 188. See also *Brown v. Louisburg,* 126 N.C. 701, 36 S.E. 166. Cases where there is some personal fault of the principal or master, of course, stand differently.

It is the general rule that, although judgments may be recovered against all persons participating in a single wrong, there can be only one full satisfaction or indemnity. *McNair v. Goodwin,* 262 N.C. 1, 136 S.E. 2d 218. This principle applies where actions are brought against both principal and agent for the same tort. *Leonard v. Blake,* 298 Mass. 393, 10 N.E. 2d 469.

*Pinnix v. Griffin,* 219 N.C. 35, 12 S.E. 2d 667, was a civil action to recover damages for wrongful death. Griffin was an employee of Gate City Life Insurance Company. There was a judgment of nonsuit as to the corporate defendant entered at the conclusion of the evidence for plaintiff, and verdict and judgment against Griffin was $1,000. Plaintiff excepted to the judgment of nonsuit as to the corporate defendant, and appealed. In the Supreme Court the judgment of nonsuit as to the corporate defendant was reversed. When the case came on again for trial, the jury found by its answers to issues submitted to them that plaintiff's intestate's death was caused by the negligence of Griffin as alleged in the complaint, and that Griffin at the time was acting as a servant of the corporate defendant within the scope of his employment; that plaintiff's intestate by his own negligence did not contribute to his death, and awarded damages against the corporate defendant in the sum of $5,000. There was a judgment on the verdict, and the corporate defendant excepted and appealed. The second appeal is reported in 221 N.C. 348, 20 S.E. 2d 366. The Court held, in part, that where a judgment for a negligent injury is recovered against the servant, the verdict on the issue of damages is the limit of any recovery against the master when he is sought to be held liable solely upon the principle of *respondeat superior.* The Court, in its opinion, said in part: "The plaintiff can have but one satisfaction — payment of the damages caused by the wrongful act of Griffin. [Citing authority.] She cannot recover twice for the same wrong or, in other words, she cannot have two compensations for the same complete tort, but

must abide the first recovery as her full satisfaction for the wrong. [Citing authority.] Nor may she now reopen and recanvass the question, or assert that the act of Griffin inflicted greater damage than she recovered in the former trial. With that verdict she was then content. As to her, it is *res judicata*. [Citing authority.] Neither will she be permitted to allege that the former recovery was upon a wrong basis or in an inadequate amount; for if there was any error to her prejudice in the trial of that case she should then have excepted and had it corrected by an appeal. It is now too late to raise the question, as the judgment forecloses and estops her as to all issues determined on that hearing."

It is said in *Thompson v. Lassiter*, 246 N.C. 34, 97 S.E. 2d 492:

"However, where the doctrine of *respondeat superior* is or may be invoked, the injured party may sue the agent or servant alone, and if a judgment is obtained against the agent or servant, and such judgment is not satisfied, the injured party may bring an action against the principal or master. In such case, however, the recovery against the principal or master may not exceed the amount of the recovery against the agent or servant. [Citing authority.] On the other hand, if the agent or servant satisfies the judgment against him or obtains a verdict in his favor, no action will lie against the principal or master."

In *Brown v. Louisburg, supra*, the facts were these: A property owner in the town of Louisburg caused an excavation in the side-walk in front of his building into which the plaintiff fell and was injured. Plaintiff brought an action against the property owner and the town of Louisburg to recover damages for personal injuries sustained by him in falling into this excavation. While the action was pending, plaintiff agreed in writing through his attorneys, for the consideration of $75, to enter a nonsuit and to release the property owner from any and all claims of plaintiff against him, by reason of the facts set forth in the complaint, and from any and all claims of every description which the plaintiff may have against the property owner. It was verbally agreed at the time of the execution of the agreement that the payment of the $75 was not made or accepted in full satisfaction of the injuries received, but simply to discharge the property owner. When the action came on for trial, the town claimed that it also was entitled to the benefit of the release. His Honor held otherwise. The town excepted. The jury rendered a verdict for $400 less $75 against the town. Judgment was entered upon the verdict, and the town appealed. The Court in its opinion said in part:

"The defendants were not, however, joint tort feasors. To make persons joint tort feasors they must actively participate in the act which causes the injury. . . .

"The real question in the case is this: Upon which of the defendants is the ultimate liability resting as between themselves. The plaintiff can, of course, sue either one, but which one of the defendants is liable to the other for the damages which the plaintiff would be entitled to recover for the injury which he has sustained on account of their negligence? We think that Ponton would be liable to the town, and that any recovery which might be made against the town could be ultimately recovered back from Ponton. [Citing authority.]

". . . His Honor should have instructed the jury that upon the evidence the plaintiff could not recover."

This case has been repeatedly cited and approved in our Reports. See Shepard's Citations.

*Leonard v. Blake, supra,* held, as succinctly and correctly summarized in headnote six in the North Eastern Reporter:

"A plaintiff, suing a mother and her daughter in separate actions for death caused by negligent operation of mother's automobile by daughter, could prosecute both actions to final judgment, but there could be satisfaction for damages in one action only."

In *McNamara v. Chapman, supra,* the Court held that a judgment against a solvent master for tort on the servant is a bar to a suit by the same plaintiff against the same servant for the same cause of action, although it has not been satisfied.

The case of *Marange v. Marshall,* Court of Civil Appeals of Texas, Corpus Christi, rendered 31 March 1966, and reported in 402 S.W. 2d 236, is apposite. A rehearing in this case was denied 28 April 1966. The facts stipulated by the parties show that in this case John P. Marange and wife Pauline brought suit for damages against John Marshall for personal injuries sustained by Mrs. Marange, when a car in which she was riding with her husband as driver was in a collision with a pick-up truck driven by Marshall. Marshall was operating the pick-up truck in the usual course of his employment as an employee of Lew Williams Chevrolet, Inc. Prior to the filing of this suit, the Maranges as plaintiffs had instituted an action under the doctrine of *respondeat superior* against Marshall's employer, Lew Williams Chevrolet, Inc., based on the same accident. This first suit had gone to trial before a jury, and as a result of the verdict, judgment was rendered for the plaintiffs for the dam-

ages found. Defendants appealed. The judgment was affirmed. *Marange v. Lew Williams Chevrolet, Inc.*, 371 S.W. 2d 900. The full amount of the judgment was paid into the registry of the court and was also tendered in cash to the plaintiffs, but was refused by them. The suit against the employer's servant followed. The trial court sustained employee's motion for summary judgment, and an appeal was taken. The Court of Civil Appeals held that the doctrine of *res judicata* barred suit by injured parties against employee for injuries sustained in collision where prior judgment in injured parties' favor against employer had resulted in a tender of judgment by employer. Relationship of employer and employee was not in dispute and the former action was purely derivative and entirely dependent upon the doctrine of *respondeat superior*. The judgment of the trial judge was affirmed. The Court, in its opinion, said in part:

> "In a well and carefully prepared opinion with facts almost identical to the case at bar, the New Hampshire Supreme Court in the case of *McNamara v. Chapman, supra*, firmly and in thoughtful and well-reasoned language, rejects a similar position taken by the appellants here. The court in *McNamara* held, that the second action filed against the employee alone could not be maintained, by reason of the prior judgment. This decision as a leading case is reported in 123 A. 229, 31 A.L.R. 188, and has been cited with approval at least in ten states."

In *Stone v. Coach Co.*, 238 N.C. 662, 78 S.E. 2d 605, the driver of a bus sued the owner and operator of a truck for personal injuries sustained when the bus collided with a truck. A consent judgment was entered under which the bus driver recovered a stipulated sum. Thereafter, the truck driver instituted suit against the bus company to recover damages to his truck occasioned in the same collision. The court held that the bus company could be held liable solely under the doctrine of *respondeat superior*, and, therefore, the judgment releasing the bus driver from further liability is a bar to recovery by the truck owner against the bus company.

The Court held in *Ingram v. Insurance Co.*, 258 N.C. 632, 129 S.E. 2d 222, where one of two tort-feasors is liable to the injured party for the active negligence of the other solely under the doctrine of *respondeat superior*, the tort-feasor whose liability is secondary, upon payment by him of the injured party's recovery, is entitled to indemnity against the primary wrongdoer.

This is stated in the agreed statement of facts:

> "By a letter dated June 7, 1962, prior to the trial of the Cabarrus County action and prior to the institution of the

present action, Iowa National Mutual Insurance Company, through its attorney, Ralph M. Stockton, Jr., tendered for a ten-day period to Fred S. Hutchins, Sr., as attorney for Fred J. Bowen, the amount of $5,000.00 in settlement of the Forsyth County judgment in favor of Fred J. Bowen against Johnny C. Shipp. A true copy of said letter is attached hereto and incorporated herein and fully set out in this paragraph. Said tender was not accepted by Fred J. Bowen."

By rejecting this offer Bowen elected to pursue his counterclaim for personal injuries in the Cabarrus County action and to obtain satisfaction for his injuries in that action. The judgment in the Cabarrus County action, in which Bowen received $2,464 as damages for his personal injuries received in the same collision which was the basis for his Forsyth County action resulting in a judgment in his favor against Shipp, has been paid in full by Iowa into the office of the clerk of the Superior Court of Cabarrus County. The clerk of the Superior Court of Cabarrus County disbursed to the attorneys of record for Bowen the amount of said judgment and costs in payment and satisfaction of the judgment entered in this action in favor of Bowen and Knitting Co. Bowen did not appeal. Although separate judgments may be rendered against the agent and his principal arising out of the same cause of action, there can be but one satisfaction of the judgments arising on the same cause of action, and this rule has been applied even where the judgments differed in amount when the two judgments are for compensatory damages. This is true because Bowen's cause of action is indivisible, and the satisfaction of the judgment by the principal operates to extinguish his judgment in the Forsyth County action against the agent, particularly when Bowen rejected the offer of the payment of $5,000 as aforesaid and elected to pursue his cause of action against the principal and enforce the judgment obtained against him. *Burkhardt v. Armour & Co.*, 115 Conn. 249, 161 A. 385, 90 A.L.R. 1260; *Thomas' Adm'r. v. Maysville St. Ry. & Transfer Co.*, 136 Ky. 446, 124 S.W. 398; *Irwin v. Jetter Brewing Co.*, 101 Neb. 409, 163 N.W. 470; *Sarine v. Maher*, 187 Misc. 199, 63 N.Y.S. 2d 241; *Larson v. Anderson*, 108 Wash. 157, 182 P. 957, 6 A.L.R. 621; 30A Am. Jur., Judgments, § 1007; 2 Freeman on Judgments, 5th Ed., by Tuttle, § 1126; 49 C.J.S., Judgments, § 575; Restatement, Torts, § 886, Comment, a.

Although it is not necessary for us in reaching a decision in this case to approve all the trial court's conclusions of law, we approve this conclusion, that the acceptance of satisfaction of the Cabarrus County judgment by Bowen constitutes a bar to recovery by him in

the present action against Iowa, and that conclusion supports the judgment that plaintiff recover nothing from the defendant Iowa.
　　The judgment of the lower court is
　　Affirmed.