**Raul MARQUEZ, M.D., Appellant–Defendant,**

v.

**Charles E. MAYER, Appellee–Plaintiff.**

**No. 49A04–9906–CV–247.**

Court of Appeals of Indiana.

April 28, 2000.

James W. Brauer, Stephen J. Peters, Marjorie H. Lawyer–Smith, Stewart & Irwin, Indianapolis, Indiana, Attorneys for Appellant.

Lesa Lux Johnson, Indianapolis, Indiana, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Raul Marquez, M.D. ("Marquez") appeals the trial court's denial of his motion for judgment on the evidence and its denial of his request for a set off against the verdict in favor of Charles Mayer ("Mayer").

We affirm.

### ISSUES

Marquez raises three issues for our review, which we restate as:

1. Whether the trial court erred in denying Marquez's motion for judgment on the evidence on the issue of proximate cause.

2. Whether Mayer is judicially estopped from opposing Marquez's request for a set off against the verdict.

3. Whether the trial court erred in denying Marquez's request for a set off against the verdict.

## FACTS AND PROCEDURAL HISTORY

On March 7, 1989, Mayer slipped and fell on ice at his condominium complex and suffered an injury to his right arm. He sought emergency medical treatment at St. Vincent Hospital, where Marquez was his treating physician. Marquez diagnosed Mayer with a comminuted fracture of his right humerus, performed a closed reduction of the fracture, and set Mayer's arm in a cast.

Marquez examined Mayer's arm eight times over the next five months. On April 27, 1989, Marquez noted that the fracture had not yet healed and prescribed range of motion exercises. On May 18, 1989, Marquez advised Mayer that the fracture had healed and recommended that he increase his exercises. On June 1, 1989, Marquez prescribed physical therapy to treat Mayer's right arm. On August 3, 1989, Marquez advised Mayer that his fracture had completely healed, and he released Mayer from his care.

On April 19, 1990 and May 22, 1990, Mayer consulted Marquez regarding pain in his right shoulder. Marquez ordered diagnostic tests, which indicated that Mayer's right humerus fracture had not healed and had a delayed union. Marquez discussed treatment options with Mayer, and Mayer began treatment consisting of electrical stimulation and immobilization. Finally, in February 1991, Marquez recommended that Mayer undergo a second surgery, which had not been performed as of the date of trial.

Mayer filed a complaint against Marquez on April 8, 1994, alleging that Marquez was negligent in providing medical treatment for his fractured humerus resulting in permanent injury. Marquez filed an amended answer to the complaint and asserted the affirmative defense of full and/or partial satisfaction of judgment requiring a set off. Mayer had previously received settlement proceeds from a separate lawsuit Mayer had filed against NPBH Condominiums Association ("NPBH") for injuries he sustained in the fall.

Mayer filed a motion *in limine* with the trial court requesting that the court disallow any evidence or testimony at trial regarding his settlement with NPBH. The trial court granted Mayer's motion. Consequently, the jury had no knowledge of the settlement.

At trial, at the close of Mayer's case, Marquez moved for judgment on the evidence on the issue of proximate cause. The trial court denied the motion. Marquez renewed his motion at the close of all the evidence, and the trial court again denied the motion.

The jury returned a verdict in favor of Mayer for $67,000.00. Marquez then filed a request to present evidence of the prior settlement with NPBH for purposes of a set off against the jury's verdict. Following a hearing, the trial court denied Marquez's request and entered final judgment on the verdict.

## DISCUSSION AND DECISION

### Issue One: Judgment on the Evidence

Marquez contends that the trial court erred when it denied his motion for judgment on the evidence. The purpose of a motion for judgment on the evidence is to test the sufficiency of the evidence. *Smock Materials Handling Co. v. Kerr*, 719 N.E.2d 396, 401 (Ind.Ct.App.1999). The grant or denial of a motion for judgment on the evidence is within the broad discretion of the trial court and will be reversed only for an abuse of that discretion. *Id.* Indiana Trial Rule 50 reads in pertinent part:

Where all or some of the issues in a case tried before a jury or an advisory jury are not supported by sufficient evidence or a verdict thereon is clearly erroneous as contrary to the evidence because the evidence is insufficient to support it, the court shall withdraw such issues from the jury and enter judgment thereon or shall enter judgment thereon notwithstanding a verdict.

Upon review of a trial court's ruling on a motion for judgment on the evidence, we apply the same standard as the trial court, considering only the evidence and reasonable inferences most favorable to the nonmoving party. *City of Fort Wayne v. Moore*, 706 N.E.2d 604, 607 (Ind.Ct.App.1999), *trans. denied.* Judgment may be entered only if there is no substantial evidence or reasonable inferences to be drawn therefrom to support an essential element of the claim. *Kerr*, 719 N.E.2d at 401. A judgment on the evidence is proper only when there is a total absence of evidence in favor of the plaintiff, that is, when the evidence is without conflict and is susceptible to only one inference and that inference is in favor of the defendant. *Id.* Likewise, judgment on the evidence is proper if the inference intended to be proven by the evidence cannot logically be drawn from the proffered evidence without undue speculation. *Id.*

Marquez's motion is based solely on his contention that Mayer failed to present any evidence that Marquez's conduct proximately caused his injuries. A party's act is the proximate cause of an injury if it is the natural and probable consequence of the act and should have been reasonably foreseen and anticipated in light of the circumstances. *Basicker ex rel. Johnson v. Denny's, Inc.*, 704 N.E.2d 1077, 1080 (Ind.Ct.App.1999), *trans. denied.* In order for a plaintiff to carry his burden of proof, he must present evidence of probative value based on facts, or inferences to be drawn from the facts, establishing both that the wrongful act was a cause in fact of the occurrence and that the occurrence was a cause in fact of his injury. *Smith v. Beaty*, 639 N.E.2d 1029, 1033 (Ind.Ct.App.1994). The plaintiff's burden may not be carried with evidence based merely upon supposition or speculation. *Id.* at 1033–34.

Marquez contends that Mayer failed to present evidence of causation and that only inferences based upon pure speculation would support a showing of proximate cause. We disagree. Dr. Hugh Williams testified that the prescription of range of motion exercises, before a fracture has fully healed, might cause the fracture to pull apart. Record at 216, 218. And Dr. Wade Rademacher, a panel member, testified that "movement by the patient in a rotatory manner can actually break down a healed fracture and develop pseudarthrosis because of the stiff shoulder." Record at 338. When considered in a light most favorable to Mayer, that evidence supports a determination that Marquez's negligent medical care proximately caused the nonunion. We conclude that the testimony of Drs. Williams and Rademacher, and the reasonable inferences to be drawn therefrom, established a question of fact on the issue of proximate cause. The trial court did not err in denying Marquez's motions for judgment on the evidence.

### Issue Two: Judicial Estoppel

Mayer filed a pre-trial motion *in limine* requesting that the trial court exclude all evidence of the proceeds Mayer received in settlement from his premises liability lawsuit against NPBH. In support of that motion, Mayer argued that Marquez and NPBH were "similar to the joint tort feasor [sic] situation" and that the Indiana Supreme Court's opinion in *Manns v. State of Indiana Dep't of Highways*, 541 N.E.2d 929 (Ind.1989), "is dispositive on the issue that this settlement should *not* be admitted into evidence." Record at 84–85 (emphasis in original). The *Manns* opinion established the rule that prior settle-

ments should generally be excluded from evidence at trial but that the trial court should make a *pro tanto* adjustment of any jury verdict in the amount of prior settlements. *Manns*, 541 N.E.2d at 934. The trial court granted Mayer's motion *in limine* and, at the close of the trial, denied Marquez's request for a set off against the jury verdict in the amount of Mayer's settlement with NPBH.

 Marquez contends that given Mayer's reliance on *Manns* in support of his motion *in limine*, he should have been judicially estopped from opposing Marquez's request for a set off against the verdict. Judicial estoppel prevents a party from assuming a position in a legal proceeding inconsistent with one previously asserted. *Shewmaker v. Etter*, 644 N.E.2d 922, 931 (Ind.Ct.App.1994), *adopted*, *Hammes v. Brumley*, 659 N.E.2d 1021 (Ind. 1995). While a party may properly plead alternative and contradictory theories, he may not repudiate by contrary assertions that which he has averred in his pleadings to be true. *Gregory & Appel v. Duck*, 459 N.E.2d 46, 50 (Ind.Ct.App.1984).

 In essence, Marquez argues that, having benefited from the exclusion of evidence of the settlement proceeds under *Manns*, Mayer must accept that portion of *Manns* which provides for a set off against the verdict. In fact, nothing in *Manns* supports Marquez's position on that point. *Manns* involved joint tortfeasors, one of whom settled with the plaintiff prior to trial. Here, although Mayer argued that Marquez and NPBH are "similar" to joint tortfeasors, Mayer never maintained that they *are* joint tortfeasors. In fact, Mayer has consistently argued just the opposite.

Marquez mischaracterizes Mayer's discussion of set offs in his motion *in limine*. In his brief, Marquez quotes from Mayer's motion *in limine* as follows: "if there is any claim for a set off to prevent double recovery, such set off from any verdict is a calculation to be performed by the court." However, Marquez omits the first part of

the quote and ignores its context. Mayer actually stated as follows:

> The Court [in *Manns* ] found that if there is any claim for a set off to prevent a double recovery, such set off from any verdict is a calculation to be performed by the court. In this cause the proper procedure would be to not allow the presentation of evidence of the settlement to the jury and the court then determine *if* defendant would be allowed any setoff [sic] from any verdict rendered by the jury. Record at 85 (emphasis added).

Nothing that Mayer avers in his motion *in limine* can be deemed a concession that Marquez was entitled to a set off against the verdict. Mayer's opposition to Marquez's request for a set off against the verdict was entirely consistent with Mayer's *in limine* arguments. The doctrine of judicial estoppel does not apply here. Mayer's opposition to the requested set off was appropriate.

### Issue Three: Set Off

Finally, Marquez contends that the trial court erred in denying his request to set off the amount of Mayer's settlement with NPBH against the jury verdict. Marquez argues that he and NPBH are joint tortfeasors and that a set off is required to prevent a double recovery. Mayer responds that no set off is warranted since Marquez and NPBH are not joint tortfeasors.

 Having raised the affirmative defense of full and/or partial satisfaction of judgment requiring a set off, Marquez bore the burden of proof at trial and lost on that issue. *See Riehle v. Moore*, 601 N.E.2d 365, 371 (Ind.Ct.App.1992), *trans. denied.* Thus, he appeals from a negative judgment, which determines the standard of review by this court. *Town of Merrillville v. Blanco*, 687 N.E.2d 191, 195 (Ind. Ct.App.1997), *trans. denied.* We will not reverse the judgment of the trial court unless it is contrary to law. *Id.* In determining whether the trial court's judgment

is contrary to law, we will consider the evidence in the light most favorable to the appellee together with all the reasonable inferences to be drawn therefrom. *Id.* The judgment will be reversed only if the evidence leads to but one conclusion and the trial court reached an opposite conclusion. *Id.*

Where the actions of multiple defendants cause a single injury to a plaintiff, a defendant against whom judgment is rendered at trial is entitled to a set off against the assessed damages in the amount of any funds plaintiff received from any settling joint tortfeasor. *Hagerman Constr., Inc. v. Copeland,* 697 N.E.2d 948, 962 (Ind.Ct.App.1998), *trans. denied.* This credit is allowed in order to prevent a plaintiff from recovering twice for the same injury. *Id.* Here, Marquez and NPBH are not joint tortfeasors because their actions did not " 'unite in causing [a] single injury.' " *See Flagg v. McCann Corp.,* 498 N.E.2d 76, 78 (Ind.Ct.App.1986) (quoting *Bowen v. Iowa Nat'l Mut. Ins. Co.,* 270 N.C. 486, 155 S.E.2d 238, 242–43 (1967); *Lasprogata v. Qualls,* 263 Pa.Super. 174, 397 A.2d 803, 805 n. 4 (1979)). Mayer sustained one injury when he broke his arm and sustained a second, separate injury when Marquez's negligent medical treatment resulted in a nonunion of that fracture. While NPBH is liable for both injuries, Marquez is liable only for the second injury. *See Edwards v. Sisler,* 691 N.E.2d 1252, 1254 (Ind.Ct.App.1998); *see also* RESTATEMENT (SECOND) OF TORTS § 433A, cmt. c (1965).

Although Mayer sustained two distinct injuries, a threat of double recovery nonetheless exists because the question remains whether Mayer has already been compensated for *both* injuries. As Marquez points out, in his answers to interrogatories in the NPBH lawsuit, Mayer described his injury as "a fracture of my right arm which resulted in a nonunion." Record at 152. Mayer's injection of the nonunion issue into the NPBH litigation suggests that Mayer sought compensation for both injuries and made a settlement on that basis.

If Mayer was compensated in whole or in part for the nonunion, for which Marquez was found liable at trial, Marquez is entitled to a credit to prevent a windfall to Mayer. *See Chaiken v. Eldon Emmor & Co., Inc.,* 597 N.E.2d 337, 347 (Ind.Ct.App. 1992), *trans. denied.* But nothing in the record resolves the issue of whether Mayer received whole or partial compensation for the nonunion in his settlement with NPBH.[1] Mayer contends that no set off is required because he did not present any evidence of lost wages or medical care and treatment, past and future, and only sought compensation for "pain caused by Dr. Marquez's negligence and compensation for how it has affected Mr. Mayer's life." Appellee's Brief at 16. Without evidence of the terms of the settlement agreement with NPBH, however, there is no way for the trial court or this court to determine whether Mayer has, in fact, already been compensated for that pain and suffering in addition to the lost wages and medical expenses.

As we have stated, Marquez bore the burden of proving the amount of set off to which he was allegedly entitled. *See Riehle,* 601 N.E.2d at 371. Because a set off is in the nature of an affirmative defense on the issue of damages, the defendant who seeks to take advantage of this credit bears the burden of proving the amount of the credit to which he is entitled. *Id.* Marquez might have met his burden of proof on that issue had he introduced evidence of the actual terms of Mayer's settlement agreement with NPBH. In-

---

1. The record does not include the terms of the settlement agreement between Mayer and NPBH. If the agreement delineates the injury or injuries for which Mayer was compensated, then the amount of a set off, if any, could have been determined and applied against the verdict. *See, e.g., Patton v. Carbondale Clinic, S.C.,* 161 Ill.2d 357, 204 Ill.Dec. 203, 641 N.E.2d 427, 432 (1994).

stead, Marquez's only evidence in support of his set off request consisted of Mayer's interrogatory responses describing the injury as "a fracture...which resulted in a nonunion" and Marquez's testimony, elicited by Mayer at trial, regarding the costs of surgery to correct the nonunion. Record at 152; Supplemental Record at 28–29. Without more, we cannot say that the trial court erred as a matter of law in denying Marquez's request for a set off.

### CONCLUSION

We affirm the trial court's denial of Marquez's motions for judgment on the evidence on the issue of proximate cause. We hold that Mayer was not judicially estopped from opposing Marquez's request for a set off against the verdict. And we affirm the trial court's denial of Marquez's request for a set off against the verdict.

Affirmed.

ROBB, J., and BROOK, J., concur.