Louis B. Heller, J.
In this action for personal injuries defendant moves to dismiss the complaint pursuant to CPLR *862 3211 (subd. [a], par. 7) on the grounds that the complaint fails to state a cause of action.
The complaint in substance reveals that Queens Auto Sales, Inc. leased its car to defendant under a short-term lease. During this rental period the defendant loaned the leased auto to Charles W. Sternberg who was involved in the complained of accident while operating the vehicle. The defendant was not present at the time of the accident.
Plaintiffs have commenced an additional action against Queens Auto Sales, Inc. and Charles W. Sternberg.
A pleading, the sufficiency of which is being tested, is deemed to allege whatever can be implied from its statements by fair and reasonable intendment and the whole of it must be considered (Walkovszky v. Carlton, 18 N Y 2d 414; Howard Stores Corp. v. Pope, 1 N Y 2d 110). All of the allegations, for the purposes of the motion, must be assumed to be true (Kober v. Kober, 16 N Y 2d 191, 193; Tobin v. Grossman, 24 N Y 2d 609, 612) and the cause of action must stand if in any aspect upon the facts stated the plaintiff is entitled to a recovery. The question is whether there can be fairly gathered from all the averments the requisite allegations of any valid cause of action cognizable by the State courts (Dulberg v. Mock, 1 N Y 2d 54).
The question therefore presented is whether the alleged negligence of the driver can be imputed to defendant lessee.
Section 388 (formerly § 59) of the Vehicle and Traffic Law imputes to the owner of a motor vehicle the negligence of one who uses or operates it with his permission, for the purpose of imposing on the owner liability to an injured third party. The definition of ‘ ‘ owner ’ ’ as used in this section only includes a lessee of a motor vehicle having the exclusive use thereof for a period greater than 30 days (as defined in section 128 of the Vehicle and Traffic Law) (Ætna Cas. & Sur. Co. v. World Wide Rent-A-Car, 28 A D 2d 286).
In the case at bar the unrebutted proof indicates that the car in question was leased for a period of three days. Clearly sections 388 and 128 of the Vehicle and Traffic Law do not impose any statutory liability on the lessee. In addition, at common law, if we were to assume arguendo that defendant was the owner of the vehicle, he would not be liable for its negligent operation by another using it with his permission on the business and pleasure of the borrower (Selles v. Smith, 4 N Y 2d 412, citing Gochee v. Wagner, 257 N. Y. 344, 346).
Under the circumstances, the complaint fails to state a valid cause of action against this defendant.
Accordingly, the motion to dismiss the complaint is granted.