■ DOCK ROGERS, Individually and as Administrator of the Estate of BARTLENA ROGERS, Deceased, Respondent, v. U-HAUL CO., Appellant, and JOHN W. MAY, Defendant.— Appeal by defendant U-Haul Co. (1) from an order of the Supreme Court, Kings County, dated November 1, 1971, which denied its motion for summary judgment dismissing the complaint, and (2) as limited by its brief, from so much of a further order of said court, dated March 7, 1972, as, upon a rehearing on new facts, adhered to the original determination. Order dated March 7, 1972 reversed insofar as appealed from, on the law, and motion for summary judgment dismissing the complaint as to defendant U-Haul Co. granted. Appeal from order dated November 1, 1971 dismissed as academic. That order was superseded by the order dated March 7, 1972. Appellant is awarded one bill of $20 costs and disbursements to cover the appeal from both orders. This appeal presents a conflict-of-law question. The complaint pleads a wrongful death action based on New York law, which imputes the negligence of the driver of a motor vehicle to the owner (Vehicle and Traffic Law, § 388). The owner of the vehicle involved in this case, defendant U-Haul Co., asserts that the law of Pennsylvania, the site of the accident, is applicable. Pennsylvania adheres to the common-law rule that the owner is not responsible for the negligence of a permitted driver unless the latter is acting as the owner's agent or employee within the course of his employment (see Double v. Myers, 305 Pa. 266; Henry v. Beck, 154 Pa. Super. Ct. 585). The material facts are as follows: Defendant May, a resident of New York, leased a motor vehicle in New York from defendant U-Haul Co. The vehicle was registered in the District of Columbia. U-Haul Co. does business in New York and in virtually every other State. The lease was for a one-way trip from New York to Tuscaloosa, Alabama. The decedent, a passenger, was being transported by defendant May to Alabama, where the decedent resided. The accident occurred during the trip on March 12, 1970, in Bethel, Pennsylvania, when May lost control of the vehicle, causing it to leave the highway and causing the decedent to sustain serious injuries which resulted in her death six days later. The decedent died intestate and letters of administration were

issued to plaintiff in Alabama on March 31, 1970. U-Haul Co. asserts that May was not acting as its agent or employee. We agree (see *Continental Auto Lease Corp.* v. *Campbell,* 19 N Y 2d 350). In *Neumeier* v. *Kuehner* (31 N Y 2d 121), Chief Judge Fuld set out certain guidelines for situations involving guest statutes in conflict settings. While we are not technically concerned with a guest statute, we are of the view that the reasoning and principles set out in *Neumeier* are here applicable. It was stated, in pertinent part (p. 128): "'3. In other situations, when the passenger and the driver are domiciled in different states, the rule is necessarily less categorical. Normally, the applicable rule of decision will be that of the state where the accident occurred but not if it can be shown that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants.'" In our view, this case calls for application of the normal rule, i.e., the rule of the State where the accident occurred, Pennsylvania, and the substantive law purposes of the involved jurisdictions will *not* be advanced by displacing the normal rule. The policy of New York with respect to those injured in automobile accidents is to insure that "motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims * * * may be recompensed for the injury and financial loss inflicted upon them" (Vehicle and Traffic Law, § 310; see *Tooker* v. *Lopez,* 24 N Y 2d 569, 576–577). We see no compelling reason why that policy should be implemented when the owner is not a New York resident, the automobile is not registered in New York and therefore not subject to our State's compulsory insurance provisions, the accident did not occur in New York and the injured party is not a resident of New York. In such a situation, perhaps the State most interested is that of the victim's residence. We do not have that question to decide here. The question is whether New York or Pennsylvania law applies, the latter refusing to impute the negligence of a driver to an absentee owner unless a "control" relationship of principal-agent or master-servant exists. We conclude that the Pennsylvania law applies. This case presents a fact situation somewhat similar to *Neumeier.* There, a domiciliary of Ontario, Canada, was killed when the automobile in which he was riding, owned and operated by a New York resident, collided with a train in Ontario. That jurisdiction had a guest statute requiring proof of gross negligence and the question was whether, in an action brought in New York by the passenger's estate, the defendant-driver (New York resident) would be permitted to rely on the Ontario guest statute as a defense. The court decided yes. Here, we also have a nonresident of New York killed in an accident occurring outside of the State while riding as a passenger in an automobile driven by a New York resident. The law of the jurisdiction where the accident occurred is such that the owner has a defense to the action. Granted, the dead passenger was not a resident of the place where the accident occurred as in *Neumeier,* but here the vehicle was not registered in New York and the owner was not driving and was not a New York resident, as in *Neumeier.* These factors, it seems to us, make the instant case even stronger than *Neumeier* as far as not applying New York law is concerned. We therefore hold that the complaint against the owner defendant U-Haul Co. should be dismissed. Munder, Acting P. J., Martuscello, Gulotta, Christ and Benjamin, JJ., concur.