Linda SHAFARMAN, Plaintiff,

v.

RYDER TRUCK RENTAL, INC., Defendant.

RYDER TRUCK RENTAL, INC., Third-Party Plaintiff,

v.

ERIE TRANSFER CO., George R. Nadramia, and Mirage Enterprises, Inc.

No. 82 Civ. 3000 (SWK).

United States District Court, S.D. New York.

Jan. 4, 1984.

Lawrence B. Goldhirsch, Speiser & Krause, New York City, for plaintiff.

Edward F.X. Ryan, Jr., Barry, McTiernan & Moore, New York City, for defendant.

Gerald T. Merritt, Dolan, McMahon & Martine, New York City, for third-party plaintiff.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action came before this Court upon the motions of third-party defendant Erie Transfer Co. ("Erie") and defendant Ryder Truck Rental, Inc. ("Ryder"), for leave to implead Mirage Enterprises ("Mirage"). For the reasons stated below, the motions are granted; however, preparation for trial is to proceed on an expedited basis.

### BACKGROUND

This is a diversity action arising out of an accident which occurred in Manhattan on April 26, 1982, wherein plaintiff, a pedestrian, was allegedly struck by a truck owned by Ryder. Plaintiff, a New York citizen, filed this action against Ryder, a Florida citizen, on May 11, 1982.

Ryder served its answer to the complaint on June 29, 1982. On July 6, 1982, Ryder filed a third-party complaint against Erie and George R. Nadramia ("Nadramia").[1]

---

1. Ryder served and filed the third-party complaint as of right, without the need for leave

from this Court, because it was filed within ten

Ryder alleged therein that Erie had rented the truck from Ryder and that Nadramia was the driver of the truck with Erie's consent. The third-party defendants served their answer to the complaint and to the third-party complaint on November 15, 1982.

After discovery had gone forward for a brief period, the third-party defendants sought the consent of the other parties to implead Mirage as a fourth-party defendant. Plaintiff refused to consent. On March 14, 1983, Erie served and filed its motion for leave to implead Mirage. At the outset, Ryder took the position that it had no opposition to Erie's motion. This Court denied Erie's motion.

Erie pressed this Court to reconsider its decision, and, on May 3, 1983, the Court agreed to reconsider Erie's motion. Thereafter, Ryder also moved for leave to implead Mirage, serving and filing its motion on September 26, 1983.

## DISCUSSION

Erie and Ryder seek leave to implead Mirage pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. Rule 14(a) provides, in relevant part, as follows:

> At any time after commencement of the action a defending party ... may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him .... [If he files the complaint later than ten days after serving his original answer] he must obtain leave on motion upon notice to all parties to the action.

In addressing these motions, the Court is guided by Local Rule 3(k) of the Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York. Rule 3(k) provides that

> [a] motion for leave to bring in a third-party defendant under Rule 14 of the Federal Rules of Civil Procedure shall be made within six (6) months from the date of service of the moving party's answer to the complaint or reply to the counter-

claim, except that motions of this nature may be granted after the expiration of such period in exceptional cases upon showing of special circumstances and of the necessity for such relief in the interest of justice and upon such terms and conditions as the court deems fair and appropriate.

Erie originally brought this motion four months after it served its answers to the complaint and to the third-party complaint. Erie's motion is therefore timely, and Erie need not show any extraordinary circumstances in order for this Court to exercise its discretion in addressing Erie's motion. Furthermore, because Erie and Ryder seek to implead the same party, this Court finds that it is in the interest of justice and simplicity that both motions be treated alike. Thus, even though Ryder filed its motion for leave to implead Mirage later than six months after it served its answer, Ryder's motion will be treated as though timely filed under Rule 3(k) and no extraordinary circumstances will be required.

Moreover, because both parties seek to claim over against Mirage, the Court finds that it is appropriate to deal with the application of Ryder, the defendant, before that of Erie, the third-party defendant. In doing so, the Court will avoid the added confusion of a fourth-party label as well as the procedural wrangling that would be necessary if Erie were to implead Mirage first. *Cf., e.g.,* 6 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1446 at 255–56 (1971) (discussion of claim over by defendant against plaintiff) (hereinafter "Wright & Miller").

Rule 14 provides a *procedural* mechanism whereby a defendant can have derivative, contingent claims against others not originally parties to the action adjudicated contemporaneously with the claims against it: it does not create new *substantive* rights against those other parties. *E.g., Brown v. Cranston,* 132 F.2d 631 (2d Cir.1942), *cert. denied,* 319 U.S. 741, 63 S.Ct.

days of service of the answer. Fed.R.Civ.P. 14(a).

1028, 87 L.Ed. 1698 (1943). Impleader is permitted under Rule 14 only when, in accordance with the applicable substantive law, the non-party "is or may be liable to" the impleading party. Thus, the Court must determine what the applicable substantive law is, and whether under that law Mirage may be liable to Ryder.

In a diversity action, such as this, the Court must follow the substantive laws of the state in which it sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This Court is bound, therefore, by the choice of law rules of New York. *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Under New York's approach to choice of law problems in tort cases, the law generally applicable is that of the place of the accident, unless applying some other law will better further the purposes of the substantive laws involved "without impairing the smooth working of the multi-state system," *Neumeier v. Kuehner,* 31 N.Y.2d 121 at 128, 335 N.Y.S.2d 64 at 70, 286 N.E.2d 454 at 460 (1972); *see also Rogers v. U–Haul Co.,* 41 A.D.2d 834, 342 N.Y.S.2d 158 (2d Dep't 1973). In this case, New York was the place of the accident and plaintiff is a citizen of New York. Furthermore, New York laws were designed to insure that "innocent victims . . . may be recompensed for the injury and financial loss inflicted upon them." N.Y. Vehicle and Traffic Law ("VTL") § 310(2) (McKinney's 1970). This Court, therefore, finds that there is no reason to displace the normal rule in this case: New York law is the applicable law.

Under New York law, "[e]very owner of a vehicle used or operated in this state shall be liable . . . for . . . injuries to person . . . resulting from negligence in the use or operation of such vehicle, . . . by any person using or operating the same with permission, express or implied, of such owner." VTL § 388(1). "Owner," as used in that section, is defined in VTL § 128. Section 128 provides that, in addition to the title-holder, the term "owner" "includes any lessee or bailee of a motor vehicle . . . having the exclusive use thereof, under a lease or otherwise, for a period greater than thirty days." VTL § 128.

Ryder seeks to implead Mirage on the theory that Mirage had exclusive use of the vehicle,[2] and that Nadramia was operating the vehicle with Mirage's consent. If the proof adduced at trial substantiates this claim, Mirage will indeed be an owner as defined in § 388. *See, e.g., Carasso v. Sternberg,* 63 Misc.2d 861, 313 N.Y.S.2d 851 (Sup.Ct., Kings Cty.1970); *Location Auto Leasing Corp. v. Lembo Corp.,* 62 Misc.2d 856, 310 N.Y.S.2d 365 (Sup.Ct., Nassau Cty. 1970); *see also, White v. Smith,* 398 F.Supp. 130 (D.N.J.1975) (applying New York law). Furthermore, New York law allows for more than one party to be an owner responsible under § 388. *See, e.g., Location Auto Leasing Corp., supra* (title-holder and lessee); *White,* 398 F.Supp. 130 (same). The liability of the respective owners, title-holder and lessee, is joint and several. VTL § 388(3). Finally, New York law allows for apportionment of liability among joint tortfeasors. *E.g., Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972).

Thus, if Ryder can substantiate its allegations of exclusive use by Mirage for more than thirty days, Mirage is a joint tortfeasor, and, under New York law, "is or may be liable" to Ryder. *See, Sarine v. Maher,* 187 Misc. 199, 63 N.Y.S.2d 241 (Sup. Ct., Queens Cty.1946). Indeed, both state and federal courts permit impleader of joint tortfeasors to facilitate the appropriate apportionment. *See, e.g., Dole, supra; Paone v. Aeon Realty Corp.,* 58 F.R.D. 531 (S.D.N. Y.1973).

Having determined that Mirage is a proper party for Ryder to implead under New York law, this Court finds that it would be an appropriate exercise of its discretion to grant Ryder leave to do so pursuant to Rule 14(a). Impleader is a pro-

---

**2.** Presumably, Ryder intends to claim that *either* Erie *or* Mirage had the exclusive use of the vehicle for more than thirty days and is liable under VTL § 128.

cedural device that promotes judicial efficiency because it allows for the adjudication of several claims in one action, thereby eliminating circuitous, duplicative actions. *See, e.g., Dery v. Wyer,* 265 F.2d 804 (2d Cir.1959). Timely motions for leave to implead non-parties should be freely granted to promote this efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim. *E.g., id.; see also* 6 Wright & Miller, § 1443 at 210.

The Court recognizes that great delay does prejudice the plaintiff. *Spaulding v. Parry Navigation Co.,* 10 F.R.D. 290 (S.D.N.Y.1950). However, the Court is including in this Order a schedule to govern the remainder of this litigation which precludes great delay. Any prejudice to plaintiff, if any exists, is therefore minimal. Furthermore, this claim will not complicate the issues herein unduly, nor is this Court prepared to say, on the evidence thus far adduced, that Ryder's claim is unmeritorious. Thus, the Court finds that Ryder's motion shall be deemed timely [3] and that, in the interests of justice and judicial efficiency, it should be granted.

Having determined that Mirage shall be joined as a third-party defendant, it remains to be determined how to treat Erie's motion. Rule 14(a) deals with derivative claims against non-parties. Mirage is being brought into this action as a third-party defendant; therefore, technically Mirage no longer is a non-party. Erie seeks leave of this Court to assert a derivative claim against Mirage. "[T]he technically proper method for asserting a claim against someone who already is a [co-]party is to use the . . . cross-claim provisions of Rule 13." 6 Wright & Miller, § 1446 at 255.

Rule 13(g) provides, in relevant part, as follows:

*Cross-Claim Against Co-Party.* A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter . . . of the original action . . . [and] may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Thus, Rule 13(g) provides a procedural mechanism for a party to raise the same type of contingent, derivative claims against a co-party that Rule 14(a) provides for against a non-party. Having determined that Mirage may be joined as a third-party defendant, Erie and Mirage are co-parties, since both are third-party defendants. *See, Murray v. Haverford Hospital Corp.,* 278 F.Supp. 5 (E.D.Pa.1968); *see also* 6 Wright & Miller, § 1431 at 166 (co-parties are parties at the same level).

Erie seeks leave to assert a claim against Mirage the gravamen of which is as follows: if Erie is liable to plaintiff as a joint owner with Ryder and/or as the general employer of Nadramia, then Mirage is liable to Erie as the special employer of Nadramia under the loaned servant doctrine. New York law recognizes the loaned servant doctrine. *See, e.g., Irwin v. Klein,* 271 N.Y. 477, 3 N.E.2d 601; *Brooks v. Chemical Leaman Tank Lines, Inc.,* 71 A.D.2d 405, 422 N.Y. S.2d 695 (1st Dep't 1979). Indeed, the extent of control exercised by an alleged special employer and the existence of a special employment relationship are questions for the jury. *Id.* Thus, if Erie is held liable and can substantiate its claims against Mirage, Mirage may be liable to Erie under New York law.

Erie has moved for leave to assert this claim against Mirage in the form of an impleader action. As discussed above, such a claim is no longer appropriate; however, a cross-claim is appropriate and, apparently, Erie can assert a viable cross-claim against Mirage. This Court will therefore construe Erie's motion as a motion, pursuant to Rule 15(a) of the Federal Rules of Civil Proce-

---

**3.** *Compare Goldstein v. Compudyne Corp.,* 45 F.R.D. 467 (S.D.N.Y.1968) (impleader allowed on motion four years after answers served).

dure, for leave to amend its answer to the third-party complaint in order to assert a cross-claim against co-third-party defendant Mirage. As construed, Erie's motion is granted.

This Court is cognizant that adding Mirage can add delay to a case which should proceed to trial with alacrity, and is not unsympathetic to plaintiff's plight or to her concerns regarding the delay which might follow from this addition. This Court will not allow this case to lag and, to ensure the speedy adjudication of the claims brought herein, is herewith setting a schedule for the progress of this action to trial.

Ryder is to serve a third-party summons and complaint within ten days of the entry of this Order upon Mirage and Erie. An affidavit of such service shall be filed with the Clerk of this Court within two weeks of this Order.

Erie is to serve and file an amended answer to the third-party complaint asserting its cross-claim against Mirage within ten days of service of Ryder's new third-party complaint.

Mirage shall serve and file its answer to the respective pleadings by March 15, 1984.

All discovery shall be completed in this action by April 16, 1984. A Joint Pre-Trial Order, along with any proposed *Voir Dire* and Requests to Charge, are to be submitted to the Court on or before April 20, 1984. This case shall be put on the Ready Trial Calendar of this Court on April 23, 1984. As of that day the parties will be on forty-eight hours notice to be ready for trial.

No extension of these deadlines will be granted.

In sum, Ryder's motion for leave to implead Mirage as third-party defendant is GRANTED; Erie's motion is construed as a motion for leave to amend its answer to the third-party complaint in order to assert a cross-claim against Mirage and, so construed, is GRANTED; and the parties are to adhere to the scheduling orders set forth in detail above.

SO ORDERED.