OPINION OF THE COURT
Herbert Kramer, J.
Under what circumstances is an automobile insurer that is not authorized to do business in New York and has no contacts in New York deemed to have provided coverage for injuries to a claimant injured in an accident with its insured?
Respondent allegedly sustained personal injuries when a vehicle, owned by Pennsylvania resident Alexander M. Joyner, registered in Pennsylvania, insured by a Pennsylvania insurer (hereinafter Safe Auto) and driven by a sibling of the owner (Mark A. Joyner), made a left turn in front of respondent’s car causing a collision. Safe Auto denied respondent’s claim because the driver was explicitly excluded from coverage by the provisions of the Safe Auto policy — a permissible exclusion under Pennsylvania law. Accordingly, respondent sought uninsured motorist benefits from petitioner and ultimately filed a demand for arbitration. Petitioner seeks to stay arbitration and add Safe Auto and the Joyners as additional respondents. The motion to add the additional respondents is granted.
There are a number of interrelated statutory provisions that implement the financial security requirements of articles 6 and 8 of the New York Vehicle and Traffic Law. The question of whether the Safe Auto policy provided coverage for the offending vehicle owned by a nonresident motorist must be analyzed in accordance with these provisions.
There is no question that this nonresident owner was required to comply with New York law, which makes “[e]very owner of a vehicle used or operated in this state . . . liable . . . for . . . injuries to [a] person . . . resulting from negligence in the [permissive] use or operation of such vehicle” (Vehicle and Traffic Law § 388 [1]). Indeed, the owner’s knowing failure to maintain proof of financial security may well subject him to various penalties (Vehicle and Traffic Law § 318 [4] [a], [b]).
A nonresident motorist would, under most circumstances, be governed by the provisions of Insurance Law § 5107 which speaks to coverage for nonresident motorists and specifically requires an insurer who is “authorized to transact or [is] transacting business in this state, or [is] controlling or controlled by or under common control by or with such insurer” to “include *360 in each such policy coverage to satisfy the financial security requirements of article six or eight of the vehicle and traffic law and to provide for the payment of first party benefits” (Insurance Law § 5107 [a]).
Here, however, Safe Auto provided an affidavit from its vice-president averring that Safe Auto is not an “authorized insurer” in New York. “It is not authorized to do business in New York, is not controlled by an insurer authorized to do business in New York and has not filed a statement with the Superintendent of Insurance agreeing that its automobile insurance policies sold in any other state . . . will be deemed to satisfy the financial security requirements of article VI or VIII of the New York Vehicle and Traffic Law. Safe Auto . . . does not do business in New York nor write insurance policies in New York.” There has been no evidence adduced to contradict these statements.
Although the insurer may not be authorized to transact business in this state, it is still possible for the nonresident owner-insured to give proof of financial responsibility under Vehicle and Traffic Law § 344 (a) by “filing with the commissioner a written certificate ... of an insurance carrier authorized to transact business in the state ... in which the motor vehicle ... is registered . . . and otherwise conforming to the provisions of this article.” However, the commissioner shall only accept this proof if the carrier complies with four conditions which include, inter alia, the execution of a power of attorney authorizing the commissioner to accept service on its behalf, adopting a binding resolution declaring that its policies shall be deemed to vary with the law of this state, and agreeing to accept as final and binding any judgment of any court of competent jurisdiction in this state.
However, according to the affidavit of its vice-president, Safe Auto policies do not comply with the conditions outlined above.[1]
*361 Thus, in the instant matter, although the owner of the offending vehicle did in fact have insurance, the insurance did not comply with the above-described statutory mandates in this state. The question presented is whether, under these circumstances, the injured party can maintain a viable claim against this out-of-state insurer.
In response to this question, this court holds that an individual injured by an automobile covered by an unauthorized, unregistered insurer can only seek recompense from that insurer under two circumstances. The first is where there is proof that the insurer has conformed to the statutory provisions outlined above, which proof is lacking here.
The second is where the policy of insurance contains language that would make it fair and equitable to deem the insurer to be in compliance and conformity with New York law.[2]
Petitioner argues that such language can be found in a provision of the Safe Auto policy which recites the following: “When we certify this policy as proof of financial responsibility, this policy will comply with the law to the extent required. You must reimburse us if we make a payment that we would otherwise not have made, had this policy not been certified as proof of financial responsibility.”
This court disagrees.
This court finds that this clause is contingent upon the happening of an event that was not shown to have taken place— that event is the “certification of the policy as proof of financial responsibility.” Indeed, the affidavit of Safe Auto’s vice-president explicitly established that such event did not take place.
*362 While this court is quite keenly aware of New York’s public policy to protect innocent victims of car accidents and insurance carriers authorized to do business in New York are required to make their policies conform to New York’s minimum financial requirements, this rule cannot be applied without a reason to insurers like Safe Auto that have not been so authorized and that are not shown to have transacted business here in New York and that have not received recompense for such accommodation either in the form of business dealings or the gathering of additional premiums.[3]
By way of contrast, petitioner does apparently do business here and its premiums presumably reflect the incorporation of an uninsured motorist provision in the policies it issues in New York. Allowing petitioner’s New York resident, insured, recourse to that provision under these circumstances seems fair and equitable.
The motion for a permanent stay of arbitration is denied. A temporary stay of arbitration for a period of three months is granted to afford petitioner the opportunity to gather the sought after discovery from respondent.

. “In consonance with VTL § 344, there is provision that defines an ‘owner’s policy of insurance’, under circumstances such as ours where the vehicle is lawfully registered in another state and the policy is issued by an insurer that is not authorized to transact business in our state, but is authorized to do so in another state. VTL § 311 (4) (c) (d). Under this provision, a non-resident owner’s policy is not defined as ‘an owner’s policy of liability insurance’ unless the unauthorized insurer has filed a consent to the service of process and a declaration that its policies will be deemed to comply with the requirements of this article of the VTL with the commissioner and (d) a copy of the form of the policy is filed with the superintendent. . . and approved of by the superintendent . . . Safe Auto’s policy does not conform to this provision either.”

. Where such express language was present, the insurer was held responsible. Thus, where the policy of a vehicle registered out of state contained a clause stating that “[i]f an insured person becomes subject to the financial responsibility law or the compulsory insurance law or similar laws of another state because of the ownership, maintenance or use of your insured car in that state, we will interpret this policy to provide any broader coverage required by those laws,” the Court concluded that, “pursuant to the language of this clause, the [out-of-state] vehicle cannot be considered uninsured” and held that “[u]nder the circumstances of this case, we conclude that the appellant’s insured was ‘subject to the financial responsibility law ... of [this] state’, so that the appellant’s policy furnishes bodily injury liability protection pursuant to its ‘Out of State Insurance’ clause, and that such protection conforms to that required by the version of New York’s Financial Security Act (see, Vehicle and Traffic Law § 311 [3], [4] [a]) in effect at the time of the accident. This is true irrespective of whether such coverage must be read into the policy pursuant to Insurance Law § 5107 (a).” (Matter of General Acc. Ins. Co. v Loi Tran, 246 AD2d 543, 543-544 [2d Dept 1998].)

. Indeed, Safe Auto seems to have de minimis contacts with this state and had it challenged this court’s jurisdiction over it, it may well have prevailed. (Matter of New York Cent. Mut. Ins. Co. v Johnson, 260 AD2d 638 [2d Dept 1999].)