**Lifeline Med. Imaging, P.C. v Safe Auto Ins. Co.**

2025 NY Slip Op 34387(U)

November 14, 2025

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-727375-22/KI

Judge: Lola Waterman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS          PART     41-NFA

_____

LIFELINE MEDICAL IMAGING, P.C.,                    Index No. CV-727375-22/KI
A/A/O ANGIBEAU, SAMY

                                                   Motion Cal. # 26 Motion Seq. # 2
                    *Plaintiff*,                   Cal. Date: 10/30/25
                                                   **DECISION AND ORDER**

                                                   Recitation, as required by CPLR § 2219(a) of the
                                                   papers considered in review of this Motion:

                    -against-                      **Papers:**

                                                   Notice of Motion & Aff. ………1 (Exh. A-F)
SAFE AUTO INSURANCE COMPANY                         Opposition………………………2 (Exh. 1-4)
                                                   Reply……..………………………3 (Exh. 1-4)
                    *Defendant*.

_____

        Upon the foregoing cited papers, and after oral arguments, the Decision/Order on Defendant's motion to dismiss for lack of personal jurisdiction is denied.

        This is an action seeking the recovery of assigned first-party no-fault benefits by a provider for treatment rendered to assignee Samy Angibeau after a motor vehicle accident on October 4, 2020. Plaintiff filed the Summons & Complaint on July 20, 2022, and service was effectuated on July 29, 2022, via the Department of State pursuant to Vehicle and Traffic Law 253. (*See*, Affidavit of Service filed September 19, 2022). On February 3, 2023, Defendant filed a motion to dismiss the complaint pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction, which is addressed as follows:

        In its motion, Defendant argues for dismissal based on the Court's lack of jurisdiction over Defendant. Defendant argues that it is not an authorized insurer in New York, is not authorized to transact business in New York and is not subjected to New York Vehicle and Traffic Law as it does not satisfy the requirements pertaining to its automobile insurance policies issued in other states. Defendant further argues that Plaintiff's service was "patently improper." Defendant informs the court that the policy was exhausted prior to Plaintiff application for no-fault benefits. In support of its motion, Defendant submits the affidavit of Mr. Scott Spier and the declaration page for the insurer's policy.

1

[* 1]

Plaintiff opposes Defendant's motion arguing that dismissal is warranted as the defenses are not stated and have no merit.  Plaintiff states that despite proper service, Defendant failed to appear in this action, and that this motion is untimely.  Plaintiff argues that it has established a *prima facie* showing for its cause of action and Defendant has not submitted any admissible evidence contrary to the facts presented.  Plaintiff avers that Spier's affidavit is inadmissible as it does not include a Certificate of Conformity, and failed to provide specifics as to the policy or coverage limits to substantiate the defense of policy exhaustion.  Furthermore, Plaintiff argues that the declaration page tendered by Defendant is inadmissible as a business record.

Section 5107 of Article 51 of the Insurance Law, entitled "Coverage for non-resident motorists," provides, in pertinent part, that "(a) Every insurer authorized to transact or transacting business in this state, or controlling or controlled by or under common control by or with such an insurer, which sells a policy providing motor vehicle liability insurance coverage or any similar coverage in any state or Canadian province, shall include in each such policy coverage to satisfy the financial security requirements of article six or eight of the vehicle and traffic law and *to provide for the payment of first party benefits pursuant to subsection (a) of section five thousand one hundred three of this article when a motor vehicle covered by such policy is used or operated in this state*" (emphasis added). *See*, <u>Prop. & Cas. Ins. Co. of Hartford v. Clarke</u>, 7 Misc. 3d 358 (Sup. Ct. 2005). Additionally, "[a]lthough the insurer may not be authorized to transact business in this state, it is still possible for the non-resident owner-insured to give proof of financial responsibility under VTL § 344 by 'filing with the commissioner a written certificate ... of an insurance carrier authorized to transact business in the state in which the motor vehicle is registered otherwise conforming to the provisions of this article.'" Id.

In this case, Defendant has failed to produce evidentiary proof in admissible form in support of its motion to dismiss based on the Court's lack of personal jurisdiction. Defendant's affidavit from Mr. Scott Spiers is not in admissible form as it does not contain a certificate of conformity, although the court notes that "the absence of a certificate of conformity for an out-of-state affidavit is not a fatal defect." *See*, <u>Fredette v. Town of Southampton</u>, 95 A.D.3d 940, (2nd Dept., 2012). The important issue here, however, is that Defendant has also tendered the declaration page of the out-of-state insurance policy which is also deemed inadmissible due to lack of certification. Furthermore, Mr. Spiers' affidavit does not support the admissibility of the declaration page as a business record. In fact, it makes no mention of it.

2

[* 2]

As such, contrary to Defendant's assertions, triable issues of material fact exist as to whether Defendant transacts business in the State of New York which precludes granting its motion to dismiss the complaint.

Accordingly, Defendant's motion is DENIED.

This constitutes the Decision and Order of the Court.

Date:   November 14, 2025
         Brooklyn, New York

_____
Hon. Lola Waterman
Civil Court Kings County

ENETERED - Kings Civil Court
11/14/2025, 3:49:28 PM

3

[* 3]