[No. 14104. Department One. August 3, 1917.]

GLADIE M. LARSON, *Administratrix etc., Appellant,* v.
J. L. ANDERSON, *Respondent.*[1]

CHATTEL MORTGAGES—FORECLOSURE—SALE—TITLE OF PURCHASER—
SHERIFF'S BILL OF SALE TO ASSIGNEE—VALIDITY. Where a chattel
mortgage was foreclosed and the property bid in for the mortgagee
by an agent acting under power of attorney and the sheriff's return
so. showed, but the mortgagee died before bill of sale, whereupon the
agent under the power of attorney assigned the property, and the
sheriff's return was altered to show sale to the assignee, the sheriff's
bill of sale to the assignee did not pass the title as against the estate
of the mortgagee; since the title passed by the sale to the mortgagee,
whose death revoked the power of attorney, rendering the assignment
valueless, and no act of the sheriff thereafter could affect the title;
in view of Rem. Code, §§ 1107, 1108, providing that the purchaser at
chattel mortgage foreclosure sales shall take all the interest of the
mortgagor in the mortgaged property.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered October 26, 1916, in favor of the
defendant, notwithstanding the verdict of a jury rendered in
favor of the plaintiff, in an action for conversion. Reversed.

*P. W. Willett* and *O. L. Willett,* for appellant.

*Byers & Byers* (*Robert B. Walkinshaw,* of counsel), for
respondent.

MORRIS, J.—Appeal from a judgment notwithstanding the
verdict. The jury having found in favor of appellant upon
all the controverted facts, we only have to examine the record
to ascertain whether the verdict can be sustained upon the
facts and is not contrary to law. Hence a complete summary
of the facts need not be given.

Looking first to the facts supported by the evidence of ap-
pellant, we find that, prior to March, 1915, B. F. Richardson
held a chattel mortgage upon the steamer City of Bothell, a
small boat plying the waters of Lake Washington. The mort-

[1] Reported in 166 Pac. 774.

gagor being in default, the mortgage was foreclosed and the steamer sold under foreclosure. The first controversy arises as to the purchaser at the foreclosure sale. The property was bid in by E. J. Pettys, representing the mortgagee under power of attorney, for $2,300. A number of witnesses testified that, after the sale, the deputy sheriff in charge of the sale inquired of Pettys for whom he was bidding and was informed the bid was for Richardson, the mortgagee. The deputy had with him at the time of the sale a memorandum showing the amount due upon the mortgage, principal, interest and costs. He indorsed upon this memorandum "sold to plaintiff," and returned it to the sheriff's office with the notice of foreclosure under which the sale had been conducted. Richardson died March 17, 1915, and on March 22, Pettys, as attorney in fact for Richardson, assigned to respondent, Anderson, "all right, title and interest to the steamer City of Bothell purchased from the sheriff" at the foreclosure sale. The consideration of this assignment was $1,620, $120 in cash and three notes for $500 each. On the same day the sheriff executed a bill of sale of the boat to Anderson, under which he now claims. In addition to claiming under the bill of sale, Anderson contends that, under an agreement between Pettys and himself, Pettys purchased the boat for him at the foreclosure sale. Appellant having been appointed administratrix of the estate of Richardson, brought this action to recover the value of the boat, alleging a conversion by Anderson. As previously stated upon the facts, the verdict was in her favor. The trial judge, however, was of the opinion that the sheriff's bill of sale transferred the title to Anderson, and set aside the verdict and granted the judgment appealed from.

Accepting the facts as found by the general verdict for appellant, we find no reason for setting aside the verdict and granting judgment for respondent. In this state a chattel mortgage gives the mortgagee an equitable lien upon the property mortgaged, title remaining in the mortgagor. When, under the terms of the mortgage, the mortgagor is in

default, the mortgagee is given the right to foreclose and sell the property to satisfy his lien. The function of a foreclosure and sale is to officially declare forfeiture of the mortgagor's title for condition broken and transfer the title as a result thereof. 5 R. C. L. 464. When this mortgage was foreclosed and the steamer sold, the title passed with the sale, and the jury having found that Richardson was the purchaser at the sale, the title to the boat passed to him. Richardson died March 17. His death revoked his power of attorney given to Pettys, and the assignment to Anderson under this power of attorney on March 22 was valueless.

The bill of sale from the sheriff to Anderson is based upon this assignment and upon what is termed the return of sale in which Anderson is described as "J. L. Anderson, assignee." The evidence of appellant is to the effect that, in the return of sale as originally made by the sheriff, the name B. F. Richardson appeared as the purchaser at the sale and so appeared upon an examination of the sheriff's files "between the latter part of March and the middle of May, 1915." There is also evidence that the name of the purchaser as originally given in the return of sale has been erased and the name "J. L. Anderson, assignee," substituted. An inspection of the return plainly evidences an erasure, though what was erased cannot be determined.

Respondent contends, as held by the lower court, that, irrespective of the finding of the jury upon the facts, the bill of sale establishes and perfects title in respondent, and appellant has no right in law, at least in this form of proceeding, to question his title. If, as found by the verdict, Richardson was the purchaser at the foreclosure sale, then the title to the boat as well as the right of possession passed to him, and upon his death and the appointment of appellant as the legal representative of his estate, full power and warrant was given in law to wage an action such as this, the purpose of which is to restore to the estate that which in fact and law belongs to it.

We are unable to agree in the contention of respondent that, under our law, the bill of sale fixed the title as between appellant and respondent. Section 1107, Rem. Code, provides that sales of property under chattel mortgage foreclosure shall be conducted in like manner as sales under execution. Section 1108 provides that the purchaser at such sales shall take all interest which the mortgagor has in the mortgaged property. Section 1109 provides that the officer conducting the sale shall execute a bill of sale of the property to the purchaser "which bill of sale shall be effectual to carry the whole title and interest purchased." Respondent pins his faith to this last clause, arguing "the bill of sale is not a mere acknowledgment of payment. It is not merely optional. It is the very medium itself through which the title is transferred." Such a construction overlooks § 1108, under which the title of the mortgagor passed to the purchaser at the mortgage sale. Section 1109 is nothing more than a statement of the procedure to be followed by the officer conducting the sale to evidence the result of the sale, and the clause "shall be effectual to carry the whole title and interest purchased," presupposes the whole title has been purchased and passed under § 1108, and the bill of sale is for the purpose of speaking the consequence or result of what has already taken place. If the title passed by the bill of sale, what becomes of the title passed to the purchaser at the sale, and where was the title between March 1, the day of the sale, and March 22, the date of the bill of sale? There can be but one answer, and that is, as found by the jury, that the title passed to Richardson at the sale, and at his death on March 17, to his estate, and no action of the sheriff could take it away from his estate and transfer it to Anderson. The provision of § 1107, to the effect that sales under foreclosure shall be conducted in the same manner as sales under execution, refers only to the manner of sale. In each case the title passed by the sale, and the bill of sale is only evidence of the sale and not the title itself.

There is no merit in respondent's contention in regard to the failure of appellant to make a tender of the amount paid by Anderson. Appellant tendered all that came to the estate, which was all that she was required to do.

Respondent's motion to strike the statement of facts is denied. It is based upon the contention that the statement of facts as proposed by appellant was so deficient as to make it necessary for respondent to file a new statement in order to properly present the record on appeal. Appellant's statement was sufficient to present all the material facts relevant to questions raised on the appeal. If respondent deemed it insufficient, the remedy was by amendment.

Judgment reversed and remanded with instructions to enter judgment on the verdict.

ELLIS, C. J., MAIN, and CHADWICK, JJ., concur.