[No. 14350. Department Two. February 27, 1918.]

GLADIE M. LARSON, *Administratrix etc., Respondent,* v. ROBERT T. HODGE, *as Sheriff etc., et al., Appellants.*[1]

PRINCIPAL AND AGENT—POWER OF ATTORNEY—AUTHORITY OF AGENT—CONSTRUCTION. Under a power of attorney authorizing general action in the settlement and collection of a claim secured by mortgage upon a boat and the right to sell the claim and execute any necessary instruments to that end, the agent, after bidding in the boat in the name of the principal at the mortgage foreclosure sale, has no further power to deal with or sell the boat, or to direct a sheriff's return of the sale showing a sale to a third person.

SHERIFFS AND CONSTABLES—WRONGFUL RETURN OF SALE—LIABILITY. Where, at a sheriff's sale, the property was bid in by an attorney in fact, who had no power to sell the boat, in the name of the mortgagee, the sheriff is liable for the value of the boat where he made a return of sale to a third person, the agent absconding, whereby the mortgagee lost the boat.

JUDGMENT — BAR — PERSONS CONCLUDED — JOINT TORT FEASORS. Where a chattel mortgagee, in whose name the property was bid in

[1]Reported in 171 Pac. 251.

at foreclosure sale, was deprived thereof through the joint acts of the sheriff in making a bill of sale to a third person, and the act of such third person in accepting the bill of sale and retaining possession, they were joint tort feasors, who could be sued separately or jointly; and a judgment against one is not a bar to a suit against the other, nothing less than satisfaction being a bar.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered May 3, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon the official bond of a sheriff. Affirmed.

*Alfred H. Lundin, Edwin C. Ewing,* and *C. B. White,* for appellants.

*P. W. Willett* and *O. L. Willett,* for respondent.

CHADWICK, J.—This is an action brought by Gladie M. Larson, administratrix of the estate of B. F. Richardson, deceased, to recover damages from the defendants, Robert T. Hodge, as sheriff of King county, and the National Surety Company, surety on his official bond, for a wrongful return of sale.

Prior to March, 1915, B. F. Richardson was the holder of a chattel mortgage on the "City of Bothel," a small boat plying on the waters of Lake Washington. The mortgage being overdue, foreclosure proceedings were instituted through the sheriff's office under Title VIII, ch. 1, of Rem. Code (§§ 1104-1115). On March 1, 1915, the boat was bid in by one E. J. Pettys, attorney in fact for the mortgagee, in the name of the mortgagee, for $2,300. On March 17, 1915, B. F. Richardson died. On March 22, 1915, the sheriff made a return in the name of, and executed a bill of sale to, J. L. Anderson, to whom Pettys had sold the boat. The consideration for the sale of the boat to Anderson was $1,620, evidenced by three notes for $500 each, and $120 in cash. The notes were made payable to Pettys. He cashed one

note and absconded. Anderson took and retained possession of the boat.

The plaintiff brought an action against Anderson for the value of the boat. On a second trial, the jury brought in a verdict for $2,300 in favor of the plaintiff. This was set aside by the trial judge. On appeal to this court, *Larson v. Anderson,* 97 Wash. 484, 166 Pac. 774, we directed that judgment be entered in favor of plaintiff on the verdict of the jury.

At the time of the trial of this action in the court below, the final decision had not been handed down in the case of *Larson v. Anderson.* The result of the trial was a verdict and judgment in plaintiff's favor for $1,800.

Appellants contend that the sheriff is not liable, for the reason that the return and bill of sale were made out under the direction of Pettys, who had a power of attorney from Richardson. Respondent denies that Pettys had any authority to direct the return. She insists that, in any event, Richardson's death revoked the power of attorney, and therefore the sheriff can claim no protection under any instructions which may have been given by Pettys. Appellants attempted to prove that Pettys authorized the transfer of the boat to Anderson, and directed the sheriff to make out the bill of sale prior to Richardson's death.

Whether Pettys attempted to transfer the boat to Anderson, and directed the sheriff to make out the bill of sale before Richardson's death, rests in a decided conflict of testimony. We think, however, that the jury was justified in finding that these transactions did not take place until after Richardson's death.

But in view of the form of the power of attorney on which appellants are relying, we think it unnecessary to review this question. The power of attorney under which Pettys acted was as follows:

"Know all men by these presents, that I, Benjamin F. Richardson, of Elkhart county, state of Indiana, do hereby appoint Edward Pettys, city of Elkhart, Elkhart county, Indiana, my attorney for me and in my stead to act generally as my attorney and representative at Bothel, state of Washington, in the settlement of any and all claims that I now have against the Bothel Transportation Company of King county, state of Washington, and more particularly to the payment of three certain mortgage notes, which said notes are secured by mortgage on steamer, City of Bothel, launch W. E. Harrington, to attend to and carry out all matters in reference thereto, in which I may be interested, and on my behalf to execute instruments and to do all such other matters and things as fully and as completely as if I were personally present, and to authorize him to receive and receipt from the Bothel Transportation Company for any and all money or moneys that may be due and owing me by said company, and to further authorize him to execute an assignment of all stock held by me in the Bothel Transportation Company, and to execute the transfer and assign any or all claims that I may have against the Bothel Transportation Company, to any person to whom he shall sell or dispose, for valuable consideration, my claims against said company."

It is apparent that Pettys had authority to deal with Richardson's claims against the Bothel Transportation Company and the stock he owned in that company. But the power gave him no authority to do anything other than what was necessary to be done to carry out the express authority delegated to him. Pettys was authorized to receive money from the Bothel Transportation Company and to receipt for it. He had the right to foreclose the mortgage and take the boat. He was permitted to sell or transfer the claim (mortgage) to some one else. To accomplish these ends he could execute whatever instruments were necessary.

When Pettys bid in the boat in the name of his principal, Richardson's claim against the company was

satisfied. Pettys had no authority to deal generally with Richardson's property. His powers were limited to dealing with claims against, and to the disposition of the stock of, the Bothel Transportation Company. To say that he had the right to sell the boat would be equivalent to saying that, if he had sold the mortgage for cash, or if it had been paid by the company, he would have had the right to invest the proceeds as he saw fit. No such broad powers were given in the power of attorney. While the language is general in places, it is clearly apparent that the authority given is general only so far as it directs the doing of anything which may be necessary in carrying out the express powers given.

This being true, the sheriff had no right or authority to make out the return and issue the bill of sale that he did. As these acts resulted in the estate of plaintiff's testator being deprived of the boat, it follows that the sheriff is liable for the damage that was suffered by the estate.

Appellants assign as error the giving and rejection of different instructions. As the objections which appellants make to the giving or refusing of instructions all rest on the theory that there was a power of attorney which would have authorized Pettys, during Richardson's life, to sell or transfer the boat to Anderson, it necessarily follows that there is no merit in any of the assignments of error going to the instructions.

Appellants contend that the judgment obtained in the suit against Anderson is a bar to the present action against the sheriff. The only injury complained of in either action is that plaintiff was deprived of the steamboat. It is immaterial whether we call the action against Anderson trover, conversion, or assumpsit, or say that the action against the sheriff is a survival of the old common law action of amercement, or hold that

it is maintained by virtue of Rem. Code, § 4000. The wrong done to the plaintiff is the same. It was not the wrongful execution of the bill of sale that gave plaintiff a right of action in either case. Both actions grow out of the illegal retention of the steamboat.

When the sheriff executed the bill of sale, he initiated the wrong, and when Anderson accepted the bill of sale and retained possession of the boat, he consummated it. It was their joint acts that deprived plaintiff of the boat, and they thus became joint tort feasors. It is immaterial that the act of the one was a violation of a statutory duty, while the other was an interference with a common law right. In *Dowell v. Chicago, R. I. & P. R. Co.*, 83 Kan. 562, 112 Pac. 136, affirmed in *Chicago, R. I. & P. R. Co. v. Dowell*, 229 U. S. 102, the Kansas supreme court said:

"The fact that the liability of one of the joint tortfeasors was statutory and that of the other arose under the common law does not preclude the joinder of both as defendants or make the controversy separable, nor does the fact that different lines of proof may be necessary to establish the negligence of each have that effect."

It is too well settled to need citation of authority that joint tort feasors may be sued either jointly or severally, and that a judgment against one is not a bar to suit against another. While plaintiff can have but one satisfaction for her wrong, yet, as between Anderson and the sheriff, neither can set up anything less than a satisfaction of a judgment against the other as a bar to an action.

ELLIS, C. J., HOLCOMB, and MOUNT, JJ., concur.