[No. 15230.    Department One.    August 7, 1919.]

GLADIE M. LARSON, *Administratrix etc., Appellant,* v.
J. L. ANDERSON, *Respondent.*[1]

COSTS—SEPARATE ACTIONS—LIABILITY OF JOINT TORT FEASORS—
ELECTION.    Under Rem. Code, § 478, where joint tort feasors are
sued in separate actions when they might have been joined in one,
the plaintiff makes an election by accepting costs in one action, and
cannot recover costs in the other.

JUDGMENT (270)—RELEASE (6)—JOINT TORT FEASORS.    The release
and satisfaction of a judgment against one joint tort feasor operates
as a release of a judgment recovered in another action against the
other joint tort feasor for the same wrong, in a larger sum, as to
both principal and interest; and it is immaterial that there was an
understanding between the parties that the payment of the one judg-
ment was to operate only as a *pro tanto* satisfaction of the other.

Appeal from an order of the superior court for King
county, Jurey, J., entered September 17, 1918, requir-
ing the plaintiff to cancel and satisfy a judgment
against the defendant.    Affirmed.

*P. W. Willett* and *O. L. Willett,* for appellant.
*Byers & Byers,* for respondent.

MAIN, J.—Gladie M. Larson, as administratrix of
the estate of B. F. Richardson, brought an action
against the Anderson Steamboat Company, a corpo-
ration, and J. L. Anderson, for the conversion of a
boat known as the City of Bothell.    The action was
tried to a jury, and resulted in a verdict in favor of
the plaintiff for the sum of $2,350.    After the verdict
was entered, the trial court sustained a motion for
judgment notwithstanding the verdict, and entered a
judgment dismissing the action.    From this action, an
appeal was prosecuted, which resulted in a reversal

[1] Reported in 182 Pac. 957.

and a direction that judgment be entered upon the verdict. *Larson v. Anderson,* 97 Wash. 484, 166 Pac. 774.

While that action was pending and before it went to final judgment, Gladie M. Larson, as administratrix, brought another action against Robert T. Hodge, as sheriff of King county, and his official bondsmen, for the loss of the same boat. This action resulted in a verdict and judgment in favor of the plaintiff for the sum of $1,800. An appeal was prosecuted and the judgment was affirmed. *Larson v. Hodge,* 100 Wash. 419, 171 Pac. 251. After that judgment was affirmed, the plaintiff was paid in satisfaction thereof the sum of $1,800, with interest and costs.

Thereafter, J. L. Anderson, one of the defendants in the action first referred to, moved the court for an order to require the plaintiff to cancel and satisfy the judgment against him *in toto.* An order was entered as requested by the motion, from which order this appeal is prosecuted.

The appellant, the plaintiff in both actions, makes the contention that the court was in error in requiring her to satisfy the costs incurred in the action against Anderson without the same having been paid. In *Larson v. Hodge, supra,* referring to the loss of the boat by the plaintiff and the part that the sheriff and Anderson, respectively, had therein, it was said:

"It was their joint acts that deprived plaintiff of the boat, and they thus become joint tort feasors. . . . It is too well settled to need citation of authority that joint tort feasors may be sued either jointly or severally, and that a judgment against one is not a bar to suit against another. While plaintiff can have but one satisfaction for her wrong, yet, as between Anderson and the sheriff, neither can set up anything less than a satisfaction of a judgment against the other as a bar to an action."

As to whether Anderson and the sheriff are joint tort feasors, further inquiry will not here be made, but the holding in the case against the sheriff, when it was here on appeal, that they were such, will be accepted. Since they were joint tort feasors and they could have been sued jointly or separately, it follows, under the statute, Rem. Code, § 478, that the plaintiff was entitled to costs in one action only. That statute provides that, when several actions are brought for the same cause of action, against several parties "who might have been joined as defendants in the same action, no costs or disbursements shall be allowed to the plaintiff in more than one of such actions, which may be at his election, if the parties proceeded against in the other actions were, at the commencement of the previous action, openly within this state." In this case the plaintiff, by accepting the costs in the action against the sheriff, made her election to take costs in that action.

Another contention is that it was error for the trial court to require the satisfaction of the judgment against Anderson except to the extent of $1,800; or, in other words, that the plaintiff was entitled to the additional sum of $550 before she should be required to satisfy the judgment against Anderson, which was the excess of the judgment in that case over the amount of the judgment in the case against the sheriff.

It is claimed that the receipt of the money upon the judgment in the case against the sheriff was under an agreement or understanding between the parties that it should operate only as a *pro tanto* satisfaction of the judgment in the case against Anderson. It is the rule in this state that the acceptance of money in satisfaction of a claim against one joint tort feasor, even with the reservation that it is not to be considered as a release against another joint tort feasor, operates

as a release of the latter. *Abb v. Northern Pac. R. Co.*, 28 Wash. 428, 69 Pac. 954, 92 Am. St. 864, 58 L. R. A. 293; *Randall v. Gerrick*, 93 Wash. 522, 161 Pac. 357, L. R. A. 1918D 179.

Assuming that there was such an understanding as the appellant claims, it would not prevent the payment of the judgment in the case against the sheriff from operating as a release of the judgment against Anderson. If the payment of the judgment in the case against the sheriff operated as a release of the judgment against Anderson, it would seem to follow that it would operate, not only as a release of the amount for which the judgment was entered, but also for the interest which may have accrued thereon. In this respect, no distinction could be made between the principal of the judgment and the interest.

It is unnecessary here to review authorities from other jurisdictions, as, under the holdings of this court, the law touching the controversy between the parties is settled.

The judgment will be affirmed.

HOLCOMB, C. J., TOLMAN, MACKINTOSH, and MITCHELL, JJ., concur.