IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| C.L., a sexual abuse victim,<br><br>     Respondent,<br><br>  v.<br><br>CAROLYN LANGE and BENJAMIN LANGE,<br><br>     Appellants. | No. 84624-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — The biological sons of C.L.'s adoptive parents subjected C.L. to years of sexual abuse. In a prior action, C.L. and her sister successfully sued the Department of Social and Health Services (DSHS) for negligently screening the background of the adoptive family before facilitating the sisters' foster placement and adoption. C.L. v. Dep't of Soc. & Health Servs., 200 Wn. App. 189, 203, 402 P.3d 346 (2017). A jury awarded $4 million in damages to each sister. C.L. then sued her adoptive parents, Carolyn and Benjamin Lange. It is this later suit that is the subject of this discretionary appeal. Judicial turnover resulted in rulings by three different judges.[1] The first judge rejected a theory that issue preclusion[2] barred all of C.L.'s claims against

_____

[1] After the first judge accepted an appointment to a higher court, the case was reassigned to the second judge. The third judge was assigned the case after the second judge retired.

[2] Although commonly referred to as "collateral estoppel," it is "modernly referred to as issue preclusion." Scholz v. Wash. State Patrol, 3 Wn. App. 2d 584, 594, 416 P.3d 1261 (2018). The U.S. Supreme Court has noted that the modern terminology has "replaced" the prior

the Langes. The second judge agreed with the Langes that in order to avoid double recovery C.L. could not relitigate the exact same damages already awarded by a jury in the first suit and paid by DSHS. On C.L.'s motion to clarify and reconcile the two prior rulings, the third judge found the two prior rulings conflicted, applied what it believed was the law of the case, and, in effect, reversed the second judge. The Langes challenge the third judge's ruling. We hold that the rulings of the first two judges do not conflict, and the third judge misapplied the law of the case doctrine. We reverse the third judge's ruling and remand.

## FACTS

In C.L., 200 Wn. App. at 194, we described the regrettable circumstances of how C.L. and S.L. entered the foster system and were adopted by the Langes and need not repeat those facts here. In C.L., DSHS asserted an affirmative defense that "recovery is barred" because the plaintiffs' "injuries and/or damages" were proximately caused by the fault of non-parties, including the Langes. The trial court dismissed DSHS's affirmative defenses for failing to set forth specific facts as required under CR 56(e). The court granted a summary judgment motion finding DSHS negligent in how it screened the background of the Langes.[3] Id. at 192. A jury awarded C.L. and S.L. $4 million each in damages against DSHS for years of sexual abuse the sisters suffered in the Lange home. We affirmed. Id. at 203. Three months later, C.L. sued the Langes.

---

terminology, which it described as "a more confusing lexicon." Taylor v. Sturgell, 553 U.S. 880, 892 n.5, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008).

[3] DSHS had information that one of the Lange's resident sons had previously been accused of having intercourse with a younger cousin. C.L., 200 Wn. App. at 194.

C.L. alleges that she was "sexually, emotionally, and/or physically abused for many years within the Lange family household." C.L. also alleges the Langes, despite having knowledge of their son's sexual misconduct, failed to include information of their son's sexual abuse of his cousin during the foster care application process and the adoption application process. C.L. claims the Langes' negligence and/or tortious conduct were a direct and proximate cause of her severe and permanent injuries. C.L. seeks general and special damages to be proven at the time of trial.

The Langes moved for summary judgment claiming that issue preclusion barred C.L. from relitigating the Langes' fault because C.L. had argued and convinced the court in the first lawsuit to dismiss DSHS's affirmative defense "based on the Langes' alleged fault." The first judge denied the Langes' summary judgment motion. In its oral ruling, the court explained that estoppel does not support the motion for summary judgment. A commissioner of this court denied the Langes' request for discretionary review. A three-judge appellate panel denied the Langes' motion to modify the commissioner's ruling.

The Langes filed a second summary judgment motion asking that the claims be dismissed with prejudice. They asserted that C.L. had fully recovered her $4 million judgment for sexual abuse damages from DSHS in the prior litigation, and thus was prohibited from relitigating the damages and obtaining a double recovery. The second judge granted the motion in part. The court found that the first lawsuit resolved CL's "claims for damages resulting from her adoptive brothers' sexual abuse" and that DSHS paid 100 percent of the award. However, the judge denied the Langes' request to dismiss all claims because C.L.

> asserts another claim, independent of the sex abuse claim: that the
> defendants engaged in willful, wanton conduct against her, including

3

physical abuse. That claim is separate and different from the sexual abuse claims, and it is properly before this court.

The Plaintiff argues that all damages issues, including those related to the sex abuse claims, should be litigated in this case. But re-litigation of the sex abuse claims would be expensive, traumatic, and unnecessary: damages have been determined by a jury and paid by DSHS. In addition, including those claims with Plaintiff's claims of other abuse by the Defendants, would likely yield an unclear verdict, comprised partly of the resolved sex abuse damages and partly of damages for the alleged direct abuse by the defendants. Determining the amount of the latter, the damages based on alleged direct abuse by defendants, would not be possible. Applying a setoff to such a verdict, as suggested in argument, would not address that problem.

The trial of this case will concern C.L.'s allegations that the defendants Carolyn and Benjamin Lange abused her. Other fault of the Langes which resulted in the sexual abuse by the brothers will not be at issue. The jury will be advised of the fact background of this adoption, including the sexual abuse by [the brothers], and will be told that the claims related to the sexual abuse have been resolved and are not part of this case. The claims related to the Defendants' fault for sexual abuse by [their sons] are dismissed.

C.L. brought a motion for reconsideration and in the alternative a motion for certification to this court. C.L. argued that issue preclusion did not support the second judge's ruling. In response, the second judge explained that her decision was not based on issue preclusion and maintained her previous ruling, but granted C.L.'s request for certification to allow C.L. to seek a discretionary review of the decision. In the court's oral ruling, the second judge explained:

I don't believe that the decision that I've made here is a decision as to collateral estoppel. I've rejected the collateral estoppel argument and the basis for my rejection of it is my agreement with both [the first judge] and the Court of Appeals and [counsel for plaintiff] as well that the damages are different in the claims against Carolyn and Benjamin Lange than the damages that were claimed in the DSHS lawsuit, and I believe I made that clear in the decision that I wrote on June 16th.
. . .
But in my view the sexual abuse by the brothers has been litigated, damages have been awarded, so the amount of damages for that particular claim has been determined by a jury and it is not subject to relitigation here.

4

The judge further acknowledged that she was not aware until the motion for reconsideration that C.L. was unaware of the fact her parents "made misrepresentations to DSHS in the course of the adoption proceedings and that they misrepresented the background of [their son's] experience and prior potential or apparent sexual abuse of another child." To the extent C.L.'s later knowledge of that caused her emotional distress damages, the court explained, those damages are recoverable just as damages against the Langes for their abuse of C.L. are recoverable.

C.L. abandoned her efforts to seek discretionary review of the second judge's rulings.[4] After the second judge retired, the case was eventually assigned to the third judge. Later, C.L. filed a "Motion for Clarification to Reconcile Prior Inconsistent Rulings."[5] C.L. claimed that the second judge's ruling "cannot be reconciled with the prior rulings of [the first judge] and Division One of the Court of Appeals. Once the Court of Appeals rendered its decisions, those decisions became the law of the case and collateral estoppel should not have been revisited by [the second judge]." C.L. asserted that the second judge's rulings violated the first judge's and this court's prior orders:

> Specifically, [the second judge] ruled that C.L. could not recover for the sexual abuse by [her adoptive brothers] – even if some (or all) of the sexual abuse was proximately caused by [the adoptive parents'] tortious acts and omissions. Simply put, [the second judge's] oral and written rulings (limiting damages) are invalid because they violate the law of the case doctrine and do not comport with Washington case law on collateral estoppel.

---

[4] C.L.'s counsel wrote this court explaining that they did not request Whatcom County Superior Court to file the second judge's certification with this court and that following the hearing, C.L. did not wish to pursue a motion for discretionary review and instead wished to proceed to trial at the earliest opportunity.

[5] The Langes moved to strike C.L.'s motion as untimely and an improper second attempt at another motion for reconsideration. The third judge denied that motion. That denial is not part of this appeal.

C.L. asked the third judge to issue a "new order clarifying these conflicting rulings to allow the parties to prepare for trial." At the motion hearing, the third judge expressed agreement with Langes' counsel that the first judge had not actually been briefed on double recovery and ultimately agreed with the second judge that "double recovery is impermissible."

However, the third judge concluded that the second judge's double recovery ruling "clearly rests on collateral estoppel" and that the court could not maintain the second judge's ruling "without running afoul of the law of the case regarding collateral estoppel." The third judge ordered that while C.L.'s "claim regarding sexual abuse may be maintained for jury trial, this Court will consider an argument for offset of any subsequent jury award from the monies already paid by" DSHS in the first lawsuit.

The court granted the Langes' request for certification of its ruling. A commissioner of this court granted discretionary review of the third judge's order on clarification.

DISCUSSION

The superior court may certify for appellate review "a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation." RAP 2.3(b)(4). We review certified questions of law de novo. Rowe v. Klein, 2 Wn. App. 2d 326, 332, 409 P.3d 1152 (2018).

## Consistency of Prior Rulings

It appears the underlying reason the third judge reversed the second judge's summary judgment ruling is because the third judge believed the second judge's ruling conflicted with the first judge's ruling. If so, the third judge misreads the prior rulings.

The Langes first moved for summary judgment dismissal of C.L.'s claims because they maintained that their fault had already been litigated and thus C.L. was precluded from relitigating it. "Collateral estoppel may be applied to preclude only those issues that have actually been litigated and necessarily and finally determined in the earlier proceeding." Christensen v. Grant County Hosp., 152 Wn.2d 299, 307, 96 P.3d 957 (2004). The Langes' written motion asserted the following legal theories:

> The Langes seek summary judgment on three related issues. *First*, the Court should apply the doctrine of issue preclusion to prevent Plaintiff from relitigating the Langes' fault. *Second*, the Court should apply the doctrine of judicial estoppel to prevent Plaintiff from taking a contrary position on an issue on which she prevailed in the DSHS lawsuit.
> . . .
> *Third*, the Court should dismiss claims barred by the parental immunity doctrine.

In arguing those theories, the Langes, in passing, mention the result is that C.L. seeks the same damages, but the Langes never directly based their motion on the doctrine of double recovery or asked the court to rule as to the issue of double recovery. For example, the Langes wrote in their motion:

> In the DSHS lawsuit, Plaintiff convinced the court that there was no evidence the Langes were at-fault. On that basis, the court prevented the jury from apportioning fault under RCW 4.22.070. The jury awarded Plaintiff $4,000,000 in damages. Now, Plaintiff seeks to recover the same damages from the Langes. This constitutes an unfair detriment on the Langes and DSHS.
> Plaintiff may argue that this factor does not favor judicial estoppel because she only gained an unfair advantage against DSHS, not the Langes. But this argument fails, because an "unfair advantage" justifying

judicial estoppel <u>does not</u> require a showing that the <u>invoking party is prejudiced</u>.

In the brief's conclusion, the Langes wrote:

> Plaintiff made a strategic choice to attack the Langes' fault in the DSHS lawsuit. She was successful and benefited from her choice. She cannot then seek to relitigate the issue in a second proceeding. Doing so may cause inconsistent judgments, may result in double recovery, and shows disrespect for prior judicial proceedings. The Langes request the Court dismiss Plaintiff's claims under the doctrines of issue preclusion and judicial estoppel.

At oral argument before the first judge, counsel for the Langes stated "the issue presented by our motion is a threshold legal issue and it is—involves the application of the doctrine of judicial estoppel and issue preclusion."

The first judge denied the motion. The issue of the Langes' fault had been asserted as an affirmative defense by DSHS, but that defense was struck on partial summary judgment for failure to assert facts in support of it as required by CR 56(e). <u>C.L.</u>, 200 Wn. App. at 202-06. At the summary judgment hearing in the instant case the first judge explained that "the issues that are raised in this complaint, specific to these defendants, [were] *never litigated at all*, for various reasons." (Emphasis added.)

The Langes then sought discretionary review of the first judge's summary judgment ruling. A commissioner of this court denied review and stated:

> The trial court denied the Langes' summary judgment motion by concluding that the issues raised in this case against the Langes were not litigated in the case against DSHS and that DSHS's affirmative defense based on the alleged fault of the Langes is not the same as C.L.'s claims against the Langes. The Langes now seek discretionary review of the denial of summary judgment. Review is denied because the Langes fail to demonstrate an obvious error that warrants interlocutory review.

In the Langes' second motion for summary judgment, they asserted that the damage verdict awarded to the plaintiff against DSHS created a double recovery risk:

8

> [T]he doctrine of issue preclusion and the bar against double recovery
> make it clear that any trial in this case would wrongfully lead to double
> recovery for the same, alleged injury. While issue preclusion was raised
> in the context of Defendants' Motion for Summary Judgment as to liability,
> this Court did not address it in the context of *damages*. The damages
> plaintiff alleged to have suffered in the Defendants' home – and for which
> she recovered $4,000,000.00 from DSHS as a result of its placement of
> Plaintiff into Defendants' home – are the same damages for which plaintiff
> seeks to recover from Defendants in this case. Not only does the doctrine
> of issue preclusion serve to prevent re-litigation of the damages issue, but
> it is a basic principle of damages that there shall be no double recovery for
> the same injury.

The second judge partially granted the Langes' motion. The second judge found that "the amount of those damages [for C.L.'s claims of sexual abuse] was determined, and as the sole defendant, DSHS paid 100% of the award. This resolved Plaintiff's claims for damages resulting from her adoptive brothers' sexual abuse." Because judgment and payment necessarily resolved C.L.'s claim for those damages, the second judge found that "[t]hose claims are no longer at issue and will be dismissed."

In her motion for clarification to the third judge and on appeal, C.L. maintains that the first judge and this court had already "considered and rejected any obvious error related to double recovery and collateral estoppel." In support, C.L. cites to the Langes' first motion for summary judgment and how it had both warned of "double recovery" as a potential negative outcome in the conclusion and had asserted in the analysis section that "[C.L.] seeks to recover the same damages from the Langes [as from DSHS]."

The record demonstrates that any mention of "double recovery" in the first summary judgment motion was in passing and in the context of the potential result of the court allowing C.L. to sue the Langes. The "issue preclusion" argument raised in the first summary judgment motion was the issue of the Langes' fault, not the issue of measurement of damages from sexual abuse. There is no indication that double

recovery was substantively raised before the first judge or that her ruling on summary judgment addressed double recovery.

Nevertheless, C.L. moved for the third judge to issue a "Clarification to Reconcile Prior Inconsistent Rulings." Though the third judge does not directly state that the second judge's ruling is inconsistent with the first judge's ruling, that is certainly implied by C.L.'s argument to the court, language of the ruling, and the actions of the third judge. The third judge wrote "[t]his Court finds itself in an unusual procedural posture in light of the prior rulings by [the first judge] and [the second judge], as well as the new guidance provided by the Court of Appeals in Pacific 5000 LLC.[6]" The third judge then went on to reverse the second judge's ruling and allow C.L. to litigate damages from sexual abuse.

To the extent the third judge based his actions on a determination that the rulings from the prior judges were inconsistent, we hold that the record does not support such a determination.

Law of the Case

The third judge adopted C.L.'s argument that the first judge's ruling and this court's subsequent denial of discretionary review created a "law of the case" that determined C.L. could litigate against the Langes damages caused by the sexual abuse. The court concluded that "it cannot maintain [the second judge's] grant of partial summary judgment without running afoul of the law of the case regarding collateral estoppel."

---

[6] Pacific 5000, LLC v. Kitsap Bank, 22 Wn. App. 2d 334, 511 P.3d 139 (2022).

"In its most common form, the law of the case doctrine stands for the proposition that once there is an appellate holding enunciating a principle of law, that holding will be followed in subsequent stages of the same litigation." Roberson v. Perez, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). "[T]he law of the case doctrine requires a prior appellate court decision in the same case." In re Est. of Jones, 170 Wn. App. 594, 605, 287 P.3d 610 (2012).[7]

Here, however, the first judge's ruling simply denied the Lange's motion to dismiss all claims with prejudice. The court rejected the Langes' argument that the court in the DSHS law suit had determined that they – while nonparty to that suit – were not at fault. In so ruling, the first judge never directly decided the issue of double recovery. "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Palmer v. Jensen, 81 Wn. App. 148, 153, 913 P.2d 413 (citing State v. Johnson, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992)); see also Applied Restoration, slip op. at 14 ("[A] different ruling based on distinct facts in a tangentially related matter involving the same receivership does not trigger application of the law of the case doctrine.").

C.L. then sought discretionary review of the first judge's ruling and a commissioner of this court denied the motion in a notation ruling. This court's denial of discretionary review as to the first judge's ruling did not create law of the case, as it was not an appellate holding enunciating a principle of law. Thus, for example, RAP 2.3(c)

---

[7] The phrase "law of the case" also has been used to describe when "jury instructions not objected to become the law of the case" in criminal trials. State v. Hickman, 135 Wn.2d 97, 101-103, 954 P.2d 900 (1998) (citing State v. Hames, 74 Wn.2d 721, 725, 446 P.2d 344 (1968)).

states that "the denial of discretionary review of a superior court decision does not affect the right of a party to obtain later review of the trial court decision or the issues pertaining to that decision." Such a ruling, denying discretionary review, does not create law of the case. See Gull Indus., Inc. v. Granite State Ins. Co., 18 Wn. App. 2d 842, 854 fn.8, 493 P.3d 1183 (2021) (noting law of the case doctrine does not prevent courts from reconsidering non-final interlocutory rulings). The third judge misapplied the law of the case doctrine.

### Issue Preclusion and Double Recovery

The third judge concluded that the second judge's ruling "clearly rests on collateral estoppel." Collateral estoppel, better identified as issue preclusion, "bars relitigation of an issue in a subsequent proceeding involving the same parties." Christensen, 152 Wn.2d at 306. But

> [b]efore the doctrine of collateral estoppel may be applied, the party asserting the doctrine must prove: (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.

Nielson By & Through Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wn.2d 255, 262-63, 956 P.2d 312 (1998).

The rule against double recovery (sometimes called "one satisfaction") is a separate legal doctrine which does not utilize the four-element analysis of issue preclusion. "It is a basic principle of damages, both tort and contract, that there shall be no double recovery for the same injury." Eagle Point Condo. Owners Ass'n v. Coy, 102 Wn. App. 697, 702, 9 P.3d 898 (2000). The principle of one satisfaction is so

12

fundamental to Washington common law that the Supreme Court declared over a century ago it was "too well settled to need citation of authority" that while multiple tortfeasors may be sued either jointly or severally, a "plaintiff can have but one satisfaction for her wrong." Larson v. Hodge, 100 Wash. 419, 424, 171 P. 251 (1918). However, it must be shown that a judgment was satisfied (i.e. fully paid) by one of the joint tortfeasors to the plaintiff in order "to constitute a bar to a suit" against the remaining liable parties. Marshall v. Chapman's Est., 31 Wn.2d 137, 145-46, 195 P.2d 656 (1948).

The motion before the second judge directly invoked the issue of double recovery. The second judge's order on the Langes' second motion for summary judgment states that the previous litigation had

> determined that DSHS's negligence was a proximate cause of the sexual abuse of Plaintiff by her adoptive brothers, and that the Department was liable for the damages that resulted from that sexual abuse. The amount of those damages was determined, and as the sole defendant, DSHS paid 100% of the award. This resolved Plaintiff's claims for damages resulting from her adoptive brother's sexual abuse. Those claims are no longer at issue and will be dismissed.

The order reasons that re-litigation of those sexual abuse claims would necessarily be "expensive, traumatic, and unnecessary: damages have been determined by a jury and paid by DSHS. In addition, including those claims with Plaintiff's claims of other abuse by the Defendants, would likely yield an unclear verdict . . . Applying a setoff to such a verdict . . . would not address that problem."

The second judge never conducted an issue preclusion analysis and expressly rejected C.L.'s issue preclusion argument, stating at a motion for reconsideration hearing that her decision was not based on "collateral estoppel." The second judge

confined her ruling to the issue of "damages resulting from [C.L.'s] adoptive brothers' sexual abuse." The second judge considered the fact that C.L. had already recovered the damages from sexual abuse in full and found that C.L. was barred from seeking the same damages from another tortfeasor. This is consistent with Washington's "one satisfaction" ruled, both historically and in its recent application in <u>Pacific 5000, L.L.C. v. Kitsap Bank</u>, 22 Wn. App. 2d 334, 511 P.3d 139 (2022).

The <u>Pacific 5000</u> court affirmed dismissal of a lawsuit against two tortfeasors because a different tortfeasor in an earlier lawsuit had already paid the plaintiff the full judgment amount for the same damages. <u>Id.</u> at 336. The court reasoned that "[b]y litigating its claim against [the first tortfeasor] to judgment, Pacific had established the ceiling for the amount of its damages. And because Pacific could not recover more than that judgment amount, satisfaction of the judgment necessarily extinguished its claim against all other tortfeasors." <u>Id.</u> at 344. The court based its holding on the adoption of certain sections of the Restatement (Second) of Judgments. <u>Id.</u> The court discussed the legal principles underlying its holding:

> The fact that an injured party has obtained a money judgment against one tortfeasor does not preclude that party from maintaining an action against a separate tortfeasor. *Babcock v. State*, 116 Wn.2d 596, 621, 809 P.2d 143 (1991); *Marshall v. Est. of Chapman*, 31 Wn.2d 137, 146, 195 P.2d 656 (1948). "A judgment against one person liable for a loss does not terminate a claim that the injured party may have against another person who may be liable therefor." RESTATEMENT (SECOND) OF JUDGMENTS § 49 (AM. LAW INST. 1982).
> However, one liable person's *payment* of some or all of the judgment amount eliminates any other person's liability for the amount paid. RESTATEMENT (SECOND) OF JUDGMENTS § 50(2); RESTATEMENT (SECOND) OF TORTS § 885(3) (AM. LAW INST. 1979). *Restatement (Second) of Judgments* § 50(2) states, "Any consideration received by the judgment creditor in payment of the judgment debtor's obligation discharges, to the extent of the amount of value received, the liability to the judgment creditor of all other persons liable for the loss." In other

14

words, "[a] payment by one person liable for a loss reduces pro tanto the amount that the injured person is entitled to receive from other persons liable for the loss." RESTATEMENT (SECOND) OF JUDGMENTS § 50 cmt. c.

Id. at 342-43.  The court next stated that

These *Restatement* rules are consistent with the "one satisfaction" rule applied by Washington courts. *Marshall*, 31 Wash.2d at 146, 195 P.2d 656; *Larson v. Hodge*, 100 Wash. 419, 424, 171 P. 251 (1918). The rules also are consistent with the basic principle of tort damages that there can be no double recovery for the same injury. *Eagle Point Condo. Owners Ass'n. v. Coy*, 102 Wash. App. 697, 702, 9 P.3d 898 (2000).

Id. at 343.

The third judge opined that Pacific 5000 "blurs its holding between that of double recovery and that of issue preclusion and collateral estoppel."  The Pacific 5000 court does mention that section 29 of the Second Restatement of Judgments "states, 'A party precluded from relitigating an issue with an opposing party . . . is also precluded from doing so with another person.'  This provision is based on the principle of collateral estoppel, which generally precludes a party from relitigating an issue when a prior adjudication of that issue ended in a final judgment."  Id. at 345 (alteration in original).  Perhaps that observation is why the third judge concluded that the second judge rested her decision on issue preclusion.  But stating that a provision is *based on the principle* of issue preclusion does not necessarily blur the line between otherwise distinct legal doctrines.  The Pacific 5000 court never discusses the four-part analysis that would be required to make an issue preclusion determination.  See Nielson, 135 Wn.2d at 262-63.

In the instant case, the first judge found that the issue of the Langes' liability had not yet been conclusively litigated.  The second judge found that C.L's sexual abuse "damages have been determined by a jury and paid by DSHS."  Thus, the second judge

15

determined that while C.L. could still pursue claims against the Langes, double recovery barred relitigating *damages from the sexual abuse*. The second judge's ruling does not conflict with the first judge's ruling. The third judge did not need to clarify or reconcile the prior judges' rulings and, in attempting to do so, misapplied the law of the case doctrine.

We reverse the third judge's ruling issued in response to C.L.'s motion for clarification and to reconcile prior inconsistent rulings. This reinstates the second judge's order, which has not been appealed. We remand for further proceedings.

_____
Coburn, J.

WE CONCUR:

_____
Feldman, J.

_____
Smith, C.J.